STATE *ex rel.* PHILIP TISCHLER, *Plaintiff in Error,* v. HENRY B. PHILIPS, COUNTY JUDGE FOR DUVAL COUNTY, FLORIDA, AND WILLIAM B. DAWSON, *Defendants in Error.*

FORCIBLE ENTRY AND UNLAWFUL DETAINER—DISPUTED BOUNDARY CANNOT BE SETTLED BY—JURISDICTION OF COUNTY JUDGE WHERE COUNTY COURT ESTABLISHED.

1. When under the provisions of Section 18 of Art. V of the Florida Constitution a County Court is established in any county the jurisdiction of the County Judge *as such* is at

once suspended in all those cases jurisdiction over which is placed in said County Court by said Section 18, and remains so suspended so long as the Legislature shall see proper to continue such County Court in existence in such County.

2.   Said Section 18 of Art. V simply provides for a bigger court and places the County Judge over it to preside, and all of his jurisdiction formerly exercised by him as County Judge in the lesser tribunal that is expressly given by said Section 18 to the County Court when established is at once merged in him as the presiding Judge of such greater tribunal, and so long as such County Court exists, be cannot, *as County Judge,* exercise any jurisdiction that is expressly given to such *County Court* by said section 18 of Article V.

3.   Where boundaries to real estate are essentially involved in a dispute between parties the same cannot be settled in an action of unlawful detainer either in the County Judge's Court, or in a County Court, since under the provisions of section 11 of Art. V of our constitution our Circuit Courts are clothed with exclusive original jurisdiction of all actions involving the boundaries of real estate.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Bisbee & Bedell,* for Plaintiff in Error;

*Axtell & Rinehart* and *Cooper & Cooper,* for Defendants in Error.

Taylor, J.—The plaintiff in error as relator filed his petition in the Circuit Court of Duval County against the defendants in error for a writ of prohibition to prohibit the defendant in error H. B. Philips from entertaining or further proceeding as County Judge of Duval

County, with an action of unlawful detention of real estate instituted before him as County Judge by the defendant in error, W. B. Dawson, against him the said relator.

The petition for the writ alleges that the said County Judge has no jurisdiction to entertain or try said cause or to pronounce judgment therein. That the said action of unlawful detainer involves simply the boundary line between two adjacent lots in the City of Jacksonville owned the one by the relator Tischler and the other by the defendant in error W. B. Dawson.

The defendants in error demurred to said petition, which demurrer was sustained by the Circuit Judge and final judgment rendered against the relator denying the writ of prohibition prayed for, and this judgment the relator below brings here for review by writ of error, assigning as error the order sustaining the demurrer to the petition, and the final judgment entered in the cause.

The Circuit Court erred in these rulings and should have overruled said demurrer and granted to the relator the writ of prohibition sought for.

This Court will take judicial notice that there has been established in Duval County by law a County Court under the provisions of Section 18, of Article V of our Constitution, and our construction of said section 18 is that when under it a County Court is established in any county, the jurisdiction of the County Judge *as such* is at once suspended in all those cases jurisdiction over which is placed in said County Court by said Section 18, and remains so suspended so long as the Legislature shall see proper to continue such County Court in existence.

The preceding Section 17, of said Article V, that defines the jurisdiction of County Judges *as such* gives to such

County Judges original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars—and Section 18 immediately following providing for the establishment by the Legislature of County Courts gives to the latter Courts when established jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars.

No one can successfully deny that when a County Court is established, its jurisdiction includes *all* civil cases where the demand sued for is any sum below one hundred dollars and not over $500.00, and that the jurisdiction given by said Section 17 to County Judges as such over cases where the demand does not exceed $100.00, is at once merged in the County Court when established. Said Section 18 makes the County Judge the Judge of said County Court and gives to such County Court much more extensive jurisdiction than that exercised by its presiding Judge when he presided over a County Judge's Court. Said Section 18 simply provides for a bigger Court and places the County Judge over it to preside and all of his jurisdiction formerly exercised by him in the lesser tribunal that is expressly given by said Section 18 to the County Court when established is at once merged in him as the presiding Judge of the greater tribunal, and so long as such County Court exists, he cannot, *as County Judge,* exercise any jurisdiction that is expressly given to such County Court by said Section 18, of Article V. And again, we think that in this action of unlawful detainer the boundary of real estate was so essentially involved as between the parties to the suit as to preclude its being justly or effectually determined in that form of action, and in view of Section 11, of said Article V of our Constitution giving to our Circuit Courts exclusive original

jurisdiction of all actions involving the boundaries of real estate, that neither the County Court nor the County Judge had any authority to entertain such suit.

The judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendant in error William B. Dawson, with directions for the entry of an order overruling the demurrer of the defendants in error to the petition of the plaintiff and for the grant of the writ of prohibition as prayed.

WHITFIELD, C. J., and SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.