PHILIP TISCHLER, *et al.*, *Appellants*, v. W. B. DAWSON AND GEORGE A. CARROLL, *Appellees*.

Opinion Filed February 24, 1915.

Where in a proceeding to adjudicate the ownership of a wall to a building, the appellant is by his conduct estopped from claiming the wall, and the evidence indicates that the wall is in fact on the land of the appellee, a decree for the appellee will be affirmed.

Appeal from Circuit Court for Duval County; D. A. Simmons, Judge.

Decree affirmed.

*Bisbee & Bedell*, for Appellants;

*Axtell & Rinehart*, for Appellees.

WHITFIELD, J.—Philip Tischler brought suit to enjoin Dawson and others from damaging or interfering with

a wall of a building the ownership of which was alleged to be in Tischler. The defendants by answer asserted superior rights to Tischler, and by cross-bill Dawson and Carroll making Tischler and McNeil defendants, asserted their rights to the wall, and prayed that Tischler and others be enjoined from interfering with the cross-complainants lawful rights in the wall. On final hearing the original bill was dismissed, and the defendants in the cross-bill were enjoined from interfering with Dawson and Carroll in the lawful enjoyment and use of their property right in the wall. The defendants in the cross-bill appealed. A question in the nature of disputed boundary is presented. State *ex rel.*, Tischler v. Philips, 64 Fla. 105, 59 South. Rep. 241.

It appears that Block 32 is a square bounded north by Adams Street, east by Main Street, south by Forsyth Street and west by Laura Street in the City of Jacksonville; that the block contains eight lots, each lot being platted as containing 105 feet north and south; that Lots 4 and 8 extend 105 feet each north and south along the eastern end or side of Block 32 on Main Street, between Adams and Forsyth Streets; that each lot is 105 feet east and west; that Lot 8 is north of Lot 4 and south of Adams Street, and that Lot 4 is south of Lot 8 and north of Forsyth Street; that there is in fact more than 210 feet, perhaps 215 feet between the southern corner of Lot 4 where Main Street intersects with Forsyth Street, and the northern corner of Lot 8 where Main Street intersects with Adams Street; that the north and south line of Block 32 is 5 feet longer on Main Street on the east side of the block than it is on Laura Street on the west side of the block; that the width of the block narrows to its

proper width at 210 feet at Laura Street on the west side of the block.

It is shown that in 1885 Philip Tischler purchased the south 60 feet of Lot 8; that in 1886 or 1887 Tischler constructed thereon a building known as the Placide Hotel, the south wall of the building being put, it is claimed, on the line between Lots 4 and 8; that this building was destroyed by fire, and subsequently Tischler erected another building, the south wall of it being on the original foundation, the last building covering the entire Lot 8; that the last building was burned; that in 1909, Tischler's successor in title conveyed Lot 8 to Dawson; that in 1893 Tischler procured a contract for the conveyance to him of a part of Lot 4 described as "part of the northern end of Lot four (4) consisting of a strip of land next adjoining the Placide Hotel on the south, measuring twelve (12) feet north and south, fronting on Main Street;" that Tischler erected a building on the 12 feet, using the foundations of the south wall of the old Placide Hotel upon which to construct the north wall of such building; that this wall was constructed on the old foundations of the Placide Hotel while Tischler owned or controlled the south 60 feet of Lot 8 upon which the Placide Hotel was built and afterwards burned.

If Tischler did in 1885 or 1886, by virtue of verbal permission obtained from the then owner of Lot 4, build the *foundations* of the south wall of the Placide Hotel "about thirty-three inches according to his recollection * on what was then considered as Lot Four," he made no mention of it in the mortgage he executed in 1887 to secure money for the construction of the Placide Hotel covering the south 60 feet of Lot 8; and the mortgage so given

expressly provided for insurance to be maintained on the building, a very material portion of which was the south wall now claimed by Tischler. The contract made in 1893 with Tischler under which the north 12 feet of Lot 4 was circuitously conveyed to Tischler, and the deed of conveyance to Tischler's assignor, Mrs. Max, in 1904, describes such 12 feet of Lot 4 as being "next adjoining the Placide Hotel on the south." At this time the hotel had been burned, and never rebuilt. Tischler took a conveyance from Mrs. Max in 1911 of the north 12 feet of Lot 4, reference being made in the deed of conveyance to the conveyance of the same to Mrs. Max in 1904 pursuant to the contract made with Tischler in 1893. Under these circumstances Tischler is estopped from claiming ownership of the wall in controversy under a now asserted and hitherto unasserted claim of a verbal arrangement with the then owner of Lot 4 by which he put the *foundations* of the south wall of the Placide Hotel "about 33 inches on what was then considered as Lot Four." Besides this the evidence indicates that the wall is in fact on Lot 8, and not on Lot 4.

As the estoppel will sustain the decree, the result is not affected by a consideration of a written agreement made in 1909 between Dawson and Mrs. Max, the then owner by assignment of Tischler's contract right, and a conveyance thereunder of the north 12 feet of Lot 4, described as being "next adjoining the Placide Hotel on the south." Such agreement being that "the north wall of the one-story building occupying the said north twelve (12) feet of said Lot four (4) Block Thirty-two (32) is in said Lot 8," and "that the said wall may remain on the said Lot Eight (8) until" 60 days after Dawson shall give "notice in writing for the removal of the same." When

this agreement was made Mrs. Max, the owner of the north 12 feet of Lot 4 had title thereto made in 1904 described as being "next adjoining the Placide Hotel on the south," and an extension on the west end of the building on the north 12 feet of Lot 4 had been built from a point 59 feet from the front of the building on Main Street, the north wall of which extension was two feet or more north of the original south foundation wall of the long since destroyed Placide Hotel, upon which original foundation from Main Street apparently to a point 59 feet west, the north wall of the original building on the north 12 feet of Lot 4 had been constructed. It is contended that the agreement that "the north wall of the one-story building occupying the said north twelve (12) feet of said Lot Four (4) Block Thirty-two (32) is on said Lot 8," refers only to the north wall of the *extension* of the building, which extension wall is conceded to be on Lot 8, and it is also contended that the agreement does not refer to the original wall between Main Street and the extension. The reference is to "the north wall of the one-story building," which is regarded, in view of the extension, as being ambiguous, making parol testimony admissible, the evidence on that point is conflicting, and the conflicts have in effect been determined by the Chancellor in his decree. The decree is warranted by the whole record, and error does not clearly appear.

The decree is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.