E. C. WELCH, AS COUNTY JUDGE OF JACKSON COUNTY, FLORIDA, *Plaintiff in Error, v.* STATE EX REL. ROSETTA JOHNSON, *Defendant in Error.*

Opinion Filed March 1, 1923.

1. The writ of mandamus does not supersede legal remedies, but rather supplies the want of a legal remedy, therefore two prerequisites must exist to warrant a court in granting this extraordinary remedy: first, it must appear that the relator has a clear, legal right to the performance of the particular duty by the respondent; and, second, that the law affords no other adequate or specific remedy to secure the performance of the duty which it is sought to coerce.

2. At common law the issuance of a writ of mandamus is not a matter 'of course; being in its nature a prerogative writ, its issuance is to a certain extent a matter of judicial discretion, and even in this country where the prerogative character of the writ is no longer fully recognized the exercise of the jurisdiction to grant it rests, to a considerable extent, in the s'ound discretion of the court, subject always to the well-settled principles which have been established by the courts.

3. Mandamus can only be resorted to where there is no other adequate remedy to accomplish the purpose sought thereby; and where a remedy by appeal or writ of error exists, and such remedy is competent to afford full and ample relief, mandamus will not lie.

4. The Circuit Court has exclusive original jurisdiction of "all actions involving the titles or boundaries of real estate," and also has "original jurisdiction 'of actions of forcible entry and unlawful detainer;" and where it appears in an action of forcible entry and unlawful detainer brought in the County Judge's Court, that questions of title and boundaries are or reasonably may be involved in the controversy, it is appropriate that the County Judge should dismiss the action without prejudice.

5. A peremptory writ of mandamus should not be issued to compel a County Judge to try an action 'of forcible entry and unlawful detainer, when the County Judge had a substantial basis for holding and did hold that "the real issue in the case is a question of title."

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Reversed.

*Paul Carter*, for Plaintiff in Error;

*D. L. McKinnon*, for Defendant in Error.

PER CURIAM.—This .writ of error was taken to peremptory writ of mandamus issued by the Circuit Judge commanding the County Judge to reinstate on the docket of the County Judge's Court and try "an action for forcible entry and unlawful detainer" which had been dismissed by the County Judge.

The Constitution provides that "the county judge shall have original jurisdiction  *  of proceedings relating to forcible entry or unlawful detainer of lands and tenements," and that "the circuit courts shall have exclusive original jurisdiction in  *  all cases at law, not cognizable by inferior courts, and  *  of the action of ejectment and of all actions involving the titles or boundaries of real estate,  *  and original jurisdiction of actions of forcible entry and unlawful detainer."

Section 3460, Revised General Statutes, 1920, provides that "no question of title, but only a right of possession and of damages, shall be involved in the action" of forcible entry or unlawful detainer.

The writ of mandamus does not supersede legal remedies, but rather supplies the want of a legal remedy, therefore two prerequisites must exist to warrant a court in granting this extraordinary remedy; first, it must appear that the relator has a clear, legal right to the performance of the particular duty by the respondent; and second, that the law affords no other adequate or specific remedy to secure the performance of the duty which it is sought to coerce.

At common law the issuance of a writ of mandamus is not a matter of course; being in its nature a prerogative writ, its issuance is to a certain extent a matter of judicial discretion, and even in this country where the prerogative

VOL. 85, JANUARY TERM, 1923.     267

Welch v. State ex rel. Johnson—Opinion of Court.

character of the writ is no longer fully recognized the exercise of the jurisdiction to grant it rests, to a considerable extent, in the sound discretion of the court, subject always to the well-settled principles which have been established by the courts. Myers v. State *ex rel.* Thompson, 81 Fla. 32, 87 South. Rep. 80; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 South Rep. 213.

Mandamus can only be resorted to where there is no other adequate remedy to accomplish the purpose sought thereby, and where a remedy by appeal or writ of error exists, and such remedy is competent to afford full and ample relief, mandamus will not lie. State *ex rel.* Burbridge v. Call, 41 Fla. 450, 26 South. Rep. 1016.

Section 3474, Revised General Statutes, 1920, provides for a writ of error "to the proper appellate court" in cases of forcible entry and unlawful detainer; and this remedy is available where such an action is dismissed in the County Judge's Court.

The Circuit Court has *exclusive* original jurisdiction of "all actions involving the titles or boundaries or real estate," and also has "original jurisdiction of actions of forcibly entry and unlawful detainer;" and where it appears in an action of forcible entry and unlawful detainer brought in the County Judge's Court, that questions of title and boundaries are or reasonably may be involved in the controversy, it is appropriate that the County Judge should dismiss the action without prejudice, upon it appearing that titles or boundaries are involved in the controversy; and this would be the proper course independent of Sections 3349 and 3366, Revised General Statutes, 1920. See State *ex rel.* Tischler v. Phillips, 64 Fla. 105, 59 South. Rep. 241.

The alternative writ shows that the County Judge held that "the real issue in this case was a question of title," and the answer shows there is substantial basis for this judicial finding, therefore the action was properly dismissed for want of jurisdiction.

Reversed.

TAYLOR, C .J., AND WHITFIELD, ELLIS, BROWNE AND WEST, J. J., concur.