BURTON BARRS, JUDGE OF THE CIVIL COURT OF RECORD IN AND FOR DUVAL COUNTY, FLORIDA, *Plaintiff in Error*, v. STATE OF FLORIDA, *ex rel.*, JACKSONVILLE REALTY & MORTGAGE COMPANY, A CORPORATION, *Defendant in Error.*

Division B.

Opinion Filed January 14, 1926.

*William Harwick,* for Plaintiff in Error;

*Kay, Adams & Ragland,* for Defendant in Error.

BUFORD, J.—This is a writ of error to the Circuit Court of Duval County, Florida, to review a judgment thereof in

the proceedings by way of writ of prohibition to the Civil Court of Record of Duval County, Florida, prohibiting the said court from proceeding further in the action therein pending, wherein ore William S. Slaton is plaintiff and Jacksonville Realty & Mortgage Company, a corporation, is the defendant, and directing such court to make an order dismissing the cause.

The record shows that in a cause pending in the Civil Court of Record of Duval County, Florida, on the 21st day of January, 1920, the plaintiff filed his amended declaration in the following language: ''William S. Slaton, plaintiff, by William H. Harwick, his attorney, sues the Jacksonville Realty and Mortgage {Company, a corporation, organized and existing under and by virtue of the laws of the State of Florida, defendant in a plea of trespass, for that the defendant, on to-wit: the first day of January, 1919, and on divers other days between that date and the commencement of this suit, in the county aforesaid, with force and arms and a multitude of people, broke and entered the premises of plaintiff there situated, to-wit; that certain piece, parcel or tract of land, situate in said County of Duval, State of Florida, described as follows:

Beginning at a point eight hundred and eighty-six feet North of the Southwest corner of lot two, section two, township two, south of range twenty six east, running thence west three hundred and eighty-four feet, thence north one hundred and sixty-seven feet, thence west three hundred and eighty-four feet, thence north one hundred and sixty-seven feet, thence west three hundred and twenty-seven feet, thence south one hundred and ninety-four feet to north line of the right of way of the Atlantic Coast Line Railway, formerly the Atlantic, Valdosta & Western Railway Company, thence easterly along the side line along said east line of said lot two, thence North along said east

line of said lot two to the place of beginning; and then and there broke down and destroyed the fence around the same of the value of five hundred dollars and laid open the said premises so that the same was trespassed upon by animals to the damage of five hundred dollars and caused to be erected buildings on said land and kept and used portions of said land for its own use and benefit and hindered and delayed the plaintiff from using the same in such manner as he might have done, wherefore plaintiff claims damages in the sum of One thousand dollars.

2nd. And for a second count to said declaration plaintiff avers each and every the allegations of the first count and further avers that each and every the aforesaid acts and doings of defendant were done wantonly, wilfully and maliciously, wherefore plaintiff claims damages in the sum of one thousand dollars.'' To which declaration the defendant filed four pleas as follows: ''Comes now the Defendant in the above entitled cause by its attorney, Kay, Adams & Ragland, and for pleas to Plaintiff's amended declaration herein, says:

1. For a first plea, that it is not guilty;

2. For a second plea, that the alleged premises were not at the time of the alleged wrongs in the possession of the Plaintiff;

3. For a third plea, the Defendant says that at the time of the acts complained of in the said amended declaration, the alleged premises was not the property of the Plaintiff, but was the property of the Defendant.

4. For a fourth plea, this Defendant says that shortly after this Defendant acquired title to the property upon which the alleged acts were committed, the Plaintiff, by agreement with the Defendant, provided for the opening up of a street, separating the lands of the Plaintiff from those acquired, as aforesaid, by the defendant, which said

street was thereafter known as Seventeenth Street; that in accordance with said agreement, the Plaintiff readjusted his fence lines so as to correspond with the South line of said Seventh Street, leaving the lands acquired by the Defendant, as aforesaid, bordering the North line of such Street; that in pursuance of said agreement, and relying thereon, the defendant went to great expense in having the lands acquired by it surveyed and plat thereof made, and pursuant to said survey, had the lands claimed by this Defendant platted into lots and blocks, a number of which said lots were sold to various parties, who from time to time made various improvements thereon, on the faith of the agreement and understanding had between the Plaintiff and Defendant, as aforesaid; that the Plaintiff stood by and saw such expense being made, and such improvements being made for a number of years, without making complaint, and not until recently did he make any claim that the lands lying North of said Seventeenth Street; that the premises in question, and which are claimed by the Plaintiff, are the same identical lands, lying North of Seventeenth Street and West of Davis Street which were platted by the defendant, portions sold, and improvements made in the manner aforesaid; that by reason of the Plaintiff's agreement and acquiescence, as aforesaid, he is now estopped to complain of what the defendant may have done with the lands lying North of Seventeenth Street, or making claim of title thereto.''

The constitution provides that the judicial power of the State shall be vested in * * . * circuit courts * * * and such other courts * * * as the legislature may from time to time ordain and establish.'' Sec. 1, Art. V as amended.

Under the constitution, the circuit courts ''have exclusive original jurisdiction in all cases in equity, also in all cases at

law, not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate.'' Sec. 11, Art. V.

Chapter 6904, Acts of 1915, and Chapter 8521, Acts of 1921, provide for Civil Courts of Record in counties having stated populations. The provision of the statute conferring jurisdiction on such courts in the county here considered is: ''exclusive original jurisdiction in all cases at law * * * where the matter in controversy'' ''does not exceed, exclusive of interest and costs, the sum or value of three thousand dollars,'' and does exceed one hundred dollars ($100.00), but ''shall not have jurisdiction of * * * of action involving the title or boundaries of real estate.''

Under the organic and statutory provisions the circuit courts have exclusive original jurisdiction of an action for trespass on realty if ''the titles or boundaries of real estate'' be involved; and the civil court of record has exclusive original jurisdiction of an action for trespass to realty if ''the title or boundaries of'' the realty be not involved and the ''matter in controversy'' ''exclusive of interest and costs,'' does not exceed the sum or value of $3000.00 and does exceed the sum or value of $100.00.

In this case the declaration alleges that the defendant ''broke and entered the premises of plaintiff,'' describing the land, and charging injuries for which plaintiff claimed $1,000.00 damages.

The defendant pleaded (1) not guilty; (2) that the premises were not in the possession of the plaintiff; (3) that the premises was not the property of the plaintiff, but was the property of the defendant; (4) estopped involving matters relating to title and boundaries. Trial was had on the first and fourth pleas resulting in a verdict for the

plaintiff in $1,000.00 damages. The writ of Prohibition was invoked to prevent judgment on the verdict on the ground that "titles and boundaries of real estate" being involved, the Civil Court of Record was without jurisdiction in the premises. Even without considering the third plea, which it appears was stricken, the evidence adduced under the fourth plea involved a consideration of title and boundary to the *locus in quo,* which called for a dismissal of the cause for want of jurisdiction to determine a matter that properly appertains to the action being tried.

> Welch v. State, 85 Fla., 246-95 So. 751,
> State, etc. vs. Phillips, 64 Fla., 105-59, So. 241.

By pleas numbered 3 and 4 the defendant averred matters that might avail as a defense in the Circuit Court, but not in the Civil Court of Record in which the action was pending. The plaintiff then could have dismissed and brought an action in the Circuit Court alleging, to show jurisdiction, that defendant claims title to the *locus in quo,* which allegation the defendant would be estopped to deny because of his special pleas in this action.

The judgment of the Circuit Court should be and the same is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS, J., concur in the opinion.