HARRY R. HEWITT, County Judge, *Plaintiff in Error*, v. THE STATE OF FLORIDA ex rel. J. ALBERT ROBBINS, *Defendant in Error*.

Division B.

Opinion filed June 6, 1931.

*Booth & Dickinson*, for Plaintiff in Error;

*Claibourne M. Phipps*, for Defendant in Error.

WHITFIELD, P.J.—In proceedings brought in the court of the County Judge to recover possession of real estate from an alleged tenant, the defendant presented a plea to the jurisdiction of the court upon the ground that the "cause involves a controversy as to the title of said real estate." The plea is sworn to and avers:

"1. The said cause involves the question of the title to the real estate described in the writ in that the defendant claims to be the owner of the said real estate and of the improvements thereon; that he is not the tenant of the plaintiff, has no agreement with him for the payment of rent and is not indebted to him in any sum for rent of said property; that until very recently the plaintiff has not claimed to be the owner of said property but has claimed to be the holder of a mort-

gage indebtedness against the same and that inasmuch as said cause involves a controversy as to the title of said real estate the circuit court has under Section 11 of Article 5 of the Constitution of the State of Florida exclusive original jurisdiction of said cause.

''2. That heretofore the defendant has instituted in the circuit court for Pinellas County, Florida, on the chancery side thereof a suit alleging that the plaintiff is the holder of a mortgage indebtedness against said property, that said mortgage indebtedness is usurious to such an extent that both principal and interest are forfeited and asking that a deed under which plaintiff holds be declared to be a mortgage and that plaintiff be ordered to reconvey and that defendant be decreed to hold said property free and clear from said indebtedness, that the plaintiff herein demurred to such bill of complaint primarily on the ground that this defendant did not offer to repay the principal of such indebtedness and the demurrer was sustained on that ground, no contention being made that the plaintiff herein was the actual owner of said property, that an appeal has been taken from the order sustaining said demurrer and is now pending in the Supreme Court of the State of Florida, that by virtue of such facts this court has no jurisdiction to try this cause.''

The County Judge disregarded the plea to the jurisdiction, and the circuit court issued a writ of prohibition.

A writ of error to this court was taken to the judgment in prohibition.

The constitution provides that ''the County Judge shall have original jurisdiction * of proceedings relating to the forcible entry or unlawful detention of lands and tenements.'' Section 17, Article V. ''The circuit courts shall have exclusive original jurisdiction * of all actions involving the titles or boundaries of real estate''; ''and orig-

inal jurisdiction of actions of forcible entry and unlawful detainer." Section 11, Article V.

Section 5409 (3545) Compiled General Laws provides that in unlawful detention proceedings:

"The person in possession of said premises, or any person claiming possession thereof, at or before the time appointed in said summons, may file motion to quash the same, or may file an affidavit denying the facts upon which such summons was issued, or any of such facts, and such matters therein controverted shall constitute, without further pleadings, the issues, to be tried; and such issues may be tried by jury if either of the parties so desires; otherwise, such issues shall be tried by the judge of said court."

The above statutory provision as to procedure in cases of landlord and tenant, does not preclude the defendant in possession from pleading to the jurisdiction of the court on the ground that he claims title to the real estate, of which subject the County Judge has no jursidiction to try or determine.

When in proceedings in the County Judge's court to recover the possession of land as from a tenant, a pleading is filed which puts in issue the title or boundaries of the land in controversy, it becomes the duty of the County Judge to dismiss the cause for want of jurisdiction. Barrs v. State, 91 Fla. 30, 107 So. 249; Welch v. State, 85 Fla. 264, 95 So. 751; State v. Philips, 64 Fla. 105, 59 So. 241; So. Fla. Amusement & Dev. Co. v. Blanton, 95 Fla. 885, 116 So. 869.

Prohibition is the defendant's remedy where the County Judge does not dismiss an action for unlawful possession of lands when a plea tenders an issue as to the title of the land. State ex rel. v. Hutchins, decided at this term.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.