THE HONORABLE W. F. BLANTON, as County Judge of Dade County, Florida, and Judge of the County Judge's Court, Dade County, Florida, VERNON C. SEAVER and GEORGE BORDER, *Plaintiffs in Error,* vs. THE STATE OF FLORIDA, ex rel. BISCAYNE BEACH THEATRE, INC., a Florida Corporation, *Defendant in Error.*

143 So. 226.

En Banc.

Opinion filed July 26, 1932.

*Shutts & Bowen* and *A. W. Woore,* for Plaintiffs in Error;

*Loftin, Stokes & Calkins, John P. Stokes* and *Albert B. Bernstein,* for Defendant in Error.

PER CURIAM.—This case is before us on writ of error to a judgment in prohibition entered by the Circuit Court of Dade County prohibiting W. F. Blanton as County Judge from proceeding in the trial and disposition of an action in unlawful detainer pending in the County Judge's Court wherein certain pleas had been filed, which pleas raised the question of title to the lands involved in that suit and asserted certain equities on behalf of the defendant therein.

The judgment of the Circuit Court should be affirmed on authority of the opinions and judgments in the cases of South Florida Amusement etc. Co. v. Blanton, 95 Fla. 885, 116 Sou. 869; Hewitt vs. State ex rel., 101 Fla. 807, 135 Sou. 130; and State ex rel. vs. Hutchins, 101

Fla. 773, 135 Sou. 298 and cases cited in those opinions and it is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

DAVIS, J., concurs specially.

ELLIS, J., dissents.

DAVIS, J. (Concurring).—The writ of prohibition is an original writ and upon the issuance of that writ the superior court has power to determine by inspection of the record of the inferior tribunal, *or otherwise,* that a substantial controversy is involved which the inferior court is without jurisdiction to decide.

The writ of prohibition has been defined as a writ directed to the judge and parties in any inferior court, commanding them to cease from the prosecution thereof, upon suggestion that either the cause originally, *or some collateral matter arising therein,* does not belong to that jurisdiction, but to the cognizance of some other court. 3 Blackstone Com. 112; Bullard v. Thorpe, 66 Vt. 599, 30 Atl. 36, 44 A. S. R. 867, 25 L. R. A. 605. The writ of prohibition agrees with injunction and mandamus in this: That where there is an adequate remedy at law, it is not available. State v. Board of Trustees of Salvation Army, 102 Fla. 219, 135 Sou. Rep. 781; Curtis v. Albritton, 101 Fla. 853, 132 Sou. Rep. 677.

Wherever there is anything in the nature of the action or proceeding that makes it apparent that the rights of the party litigant applying for a writ of prohibition cannot be *adequately* protected by other remedy than through the exercise of the extraordinary jurisdiction, it is not only proper to grant the writ of prohibition, but it should be granted. State v. Superior Court, 40 Wash. 555, 82 Pac. 877, 111 A. S. R. 925, 2 L. R. A. (N. S.) 395.

I conceive the proceeding in prohibition involved here to be a case falling within the last stated rule and therefore concur in affirming the judgment of the Circuit Court which awarded the writ to restrain the landlord and tenant proceeding about to be tried by the County Judge, when the writ of prohibition was granted.