HARRY W. HEWITT, as Judge of the County Court, in and for Pinellas County, Florida, et al, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, ex rel,. M. S. Palmer, *Defendant in Error.*

146 So. 578.

En Banc.

Opinion filed February 21, 1933.

*Bussey, Mann & Barton,* for Plaintiff in Error.

*Blanchard & Hoffman,* for Defendant in Error.

DAVIS, C. J.—Under the statutes of Florida County Courts are vested with jurisdiction of proceedings in relation to the forcible entry and unlawful detention of lands.

Section 5169 C. G. L., 3325 R. G. S. The Constitution of the State provides, that the Circuit Courts shall have exclusive original jurisdiction of the action of ejectment

and of all actions involving the title or boundaries of real estate. Section 11 of Article V, State Constitution of 1885.

A petition was filed in the County Court of Pinellas County in relation to the forcible entry and unlawful detention of certain lands. The defendant in that proceeding filed pleas of not guilty; that plaintiff was not in possession of the alleged premises at the time of the alleged wrongs; that the alleged premises were not the property of the plaintiff but were the property of the defendant; that the defendant M. S. Palmer had for sometime been the owner of the property involved and that the trial of the cause would involve the title to the real estate involved in the petition, wherefore the Court was without jurisdiction, because of Section 11 of Article V of the Constitution, to try said cause.

The County Judge proceeded with the trial of the cause, whereupon a writ of prohibition was issued by the Circuit Judge. The case is here on writ of error to the final judgment by which the writ of prohibition was made absolute.

At common law a party forcibly dispossessed of lands was without a remedy for obtaining restitution of the premises, or for the recovery of damages for the entry or detainer, or even for an assault on his person in connection with an entry unless the force used was excessive, or the damages wantonly inflicted, since the common law conceded to a party with title to land and right to entry, the right to use actual force to recover possession, if forcible resistance to an entry was offered. Notes 18 Am. Dec. 139, 8 L. R. A. (N. S.) 426, 11 R. C. L. 1136.

The civil remedy for the restitution of premises, of which possession has been taken by a forcible entry of detainer, is consequently of statutory origin. The purpose of the statutory remedy was to dispense with the privilege allowed by the ancient common law to persons disseised or

turned out of possession to use violent methods to reinstate themselves. The remedy was devised because it was early found that the exercise of the common law right to sieze possession by force, tended to lawlessness and was prejudicial to the public peace. Mosseller v. Deaver, 106 N. C. 494, 11 S. E. Rep. 529, 19 A. S. R. 540, 8 L. R. A. 537.

The general purpose of the statutes relating to forcible entry and detainer, both in England and in this country, is that, regardless of the actual condition of the title to the property, the party in actual, peaceable and quiet possession, shall not be turned out by strong hand, violence or terror. One who becomes guilty of a forcible entry, therefore, or of a forcible detainer after a peaceable but unlawful entry, was not only made subject to indictment, but was required to restore possession to the party from whom the property was so taken or detained, and in a proper case to pay damages, notwithstanding the entrant may have had the admittedly superior title, or the better right to possession taken.

The object of the statutes relating to forcible entry and unlawful detainer was to provide a summary legal remedy for restoring possession to prevent criminal disorder and breaches of the peace, which would likely ensue if no summary legal remedy existed, and the parties undertook to continue to resort to their own private common law means for enforcing their rights in such cases.

The action of forcible entry and detainer was designed to compel the party out of actual possession, whether the real owner and entitled to a present right of possession or not, to respect the *actual* possession of another, wrongful though it might be, by requiring him to resort to the law alone to obtain the possession he claimed to be his. Notes 19 A. S. R. 544, 121 A. S. R. 371, 8 L. R. A. (N. S.) 426;

Iron Mountain, etc., R. R. Co., v. Johnson, 119 U. S. 608, 7 Sup. Ct. Rep. 339, 30 L. Ed. 504.

The statutes relating to *forcible* entry and unlawful detainer have consequently so far altered the common law as to give a party *forcibly* dispossessed a right to the restitution of possession, without regard to the question of title. And indeed our statute so declares by providing that: "No question of title, but only a right of possession and damages, shall be involved in the action." Section 5313 C. G. L. 3460 R. G. S.

But an entry without force by a party entitled to possession, or an unlawful entry without actual force, violence or menaces, and which has no other force than such as the law implies in every trespass, is not a forcible entry within the meaning of the statutes. A *forcible* entry or forcible detainer, as distinguished from a merely unlawful entry, or unlawful detainer, must be, as the law writers have heretofore expressed it, "with strong hand or multitude of people." See Liddon v. Hodnett, 22 Fla. 271.

In the present case the record before the Circuit Judge showed that the suit in the County Court was predicated upon the alleged fact that the plaintiff, Janet Waterman, being in possession of the premises described in the writ, was dispossessed thereof by the alleged unlawful and forcible acts of the defendant, M. S. Palmer, in that the premises, upon which a two story house was located, being securely locked, the said M. S. Palmer secured a key from a previous tenant, and had a new key made therefrom, and by this method secured an entrance to the house, but immediately left the same upon her presence being ascertained; that thereafter, plaintiff, Waterman, in the forcible entry suit, placed a new lock upon the door and securely fastened all openings, notwithstanding which, the respondent, M. S.

Palmer, again forced admission into said house by the use of a skeleton key, against the will of plaintiff in possession and who had so placed new locks on the house.*

The foregoing facts being set up in the return of the County Judge, were sufficient to show that the real controversy pending before the County Court for trial was one of forcible entry and unlawful detainer and that the suit was not the attempted employment of the remedy of forcible entry and unlawful detainer as a means of, in effect, trying the question of title to the real estate. This is true even though it was admitted in the return, that the intruding party had attempted to justify her forcible invasion of plaintiff's occupancy because she had a deed conveying to her the legal title with right of entry.

Undoubtedly the statutory summary remedy of forcible entry and unlawful detainer, as provided for by Section 5309-5328 C. G. L., 3456-3475 R. G. S., cannot be used in place of ejectment or trespass to try title to land in a proceeding brought in the County Court. Perry Naval Stores Co. v. Griffin, 57 Fla. 133, 49 Sou. Rep. 554. And where title or boundaries are *essentially* involved in the dispute between the parties and this is made to appear in the pleadings or proceedings being taken, the County Court should dismiss the proceeding for want of jurisdiction to try the title or boundaries to real estate. State v. Philips, 64 Fla. 105, 59 Sou. Rep. 241. And a writ of prohibition may issue to prohibit a County Court from trying an action of forcible entry and unlawful detainer, where such County Court has no *substantial basis* for holding that the real issue in the

---

*That surreptitiously forcing an entrance into a locked house, either by use of skeleton keys, or by breaking off the locks, would tend to a breach of the peace and possible homicide on the part of the occupant defending possession, can scarcely be gainsaid. Therefore, such conduct amounts to a forcible entry of the premises.

case is not one of title, on the principles decided in Welch v. State, 85 Fla. 264, 95 Sou. Rep. 751, and Barrs v. State, 91 Fla. 30, 107 Sou. Rep. 249.

But where there is a *substantial* basis for the County Judge's holding that the real controversy is one of forcible entry and unlawful detainer, the writ of prohibition should not be awarded, although it may appear that the defendant in the forcible entry and detainer suit has attempted to plead and prove *title,* and right of entry, as a justification for his forcible intrusion upon another's actual possession "with strong hand or multitude of people."*

In such cases the test to be aplied in each case is, whether or not the nature of the controversy disclosed by the record, or by the proceedings being had before the County Court, is such as affords a *substantial basis* for the exercise of jurisdiction by the County Court under its power to try controversies relating to the forcible entry and unlawful detention of lands. The latter power exists under Section 17 of Article V of the Constitution, which vests jurisdiction of such matters in County Courts, although the Circuit

---

*The pleas filed in this case merely attempted to inject the issue of alleged title and right to possession into the case without affirmatively showing, or undertaking to show, that there was no *substantial basis* for the suit as a real controversy to redress an alleged forcible entry. This fact distinguishes this case from the cited cases of Blanton v. State, ex rel., Biscayne Beach Theatre, Inc., 106 Fla. 272, 143 Sou. Rep. 226; Hewitt v. State, ex rel., Robbins, 101 Fla., 807, 135 Sou. Rep. 130; State ex rel. Tischler v. Phillips, 64, Fla., 105, 59 Sou. Rep. 241; Barrs, v. State, 91 Fla., 30, 107 Sou. Rep. 249; Welch v. State, 85 Fla. 264, 95 Sou. Rep. 751; South Florida Amusement and Development Co., v. Blanton, 95 Fla. 885, 116 Sou. Rep. 869; State ex. rel. Washburn v Hutchins, 101 Fla. 773, 135 Sou. Rep. 298, in each of which cases the pleadings, admitting them to be true as pleaded, showed the real controversy to be substantially one of title or boundaries to real estate, although, *in form* a different kind of proceeding.

·Courts are given concurrent jurisdiction of the same matters.

If the nature of the controversy is such that it appears that a forcible entry has been committed, the jurisdiction of the County Court should not be interfered with, notwithstanding it may be clearly alleged and shown by the pleadings, or by the evidence before the County Court that the forcible entry was in fact committed by one with legal title and with a right of entry.

The purpose of the statutory procedure of forcible entry and unlawful detainer was to have exercised precisely such jurisdiction in the County Court, even as against one with title and right to possession, in cases where one has unlawfully made his entry by force contrary to law, as against another whom he has found in the actual peaceable adverse possession of his lands, though unlawfully so.

On the other hand, where it is made to appear that a forcible entry and unlawful detainer suit, though in form one for redress of forcible entry and unlawful detention of lands, is nevertheless one, the real nature and purpose of which, is to try the title or boundaries to the real estate involved, the writ of prohibition absolute should issue to restrain the further entertainment of it. This is so because the jurisdiction of the County Court rests on substance and not on form alone with respect to the actual controversy, and form alone cannot support the jurisdiction of the County Court where there is no basis in substance for holding that jurisdiction to try the case as one of forcible entry and unlawful detention exists.

The actual facts of each case may therefore be looked to in prohibition proceedings for the purpose of determining jurisdiction, and such facts may be made to appear by pleadings in the County Court, or by matters *in pais,* set up in the return to the writ of prohibition, and shown to have occurred

at the trial. The last mentioned practice was followed in this case, for the purpose of showing that the real controversy as developed on the trial before the County Court was *bona fide* one of forcible entry and unlawful detention of lands and not a trial of the title.

If a forcible entry and unlawful detainer appears to have been in fact by the defendant, though he seeks to plead and prove his title and right to possession of the land intruded upon in justification of it, the County Court has jurisdiction to proceed to judgment, as in the constitution and statutes provided in relation to forcible entry and unlawful detainer proceedings in County Courts.

The return of the County Judge in this case, which was not controverted, showed that there was a *substantial* basis for his holding that the real controversy was one of forcible entry and unlawful detention of the lands involved. Therefore, the County Court has' jurisdiction to proceed to judgment and the Circuit Court should not have made its writ of prohibition absolute. The judgment of the Circuit Court must therefore be reversed, with directions to have such further proceedings as may be in accordance with this opinion.

Reversed with directions.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.