STATE, *ex rel.* HERMAN HILLMAN v. VICTOR HUTCHINS, as County Judge and Judge of the County Court of Orange County.

158 So. 716.

En Banc.

Opinion Filed January 21, 1935.

Rehearing Denied January 30, 1935.

*W. M. Murphy* and *George P. Garrett,* for Relator;
*Dickinson & Dickinson,* for Respondent.

DAVIS, J.—A defendant, sued as a tenant at sufferance

in a landlord and tenant removal proceeding instituted
against him under Sections 5407-5417 C. G. L., 3543-3553
R. G. S., filed an affidavit of defense, denying that he, said
defendant, was a tenant at sufferance, and setting forth
that the plaintiff had made a certain written contract of
lease with him, simultaneously therewith executing a sepa-
rate contract, consisting of an option to purchase the prop-
erty for $38,752.00, in pursuance of which aforesaid doc-
uments he, said defendant, had entered into possession of
the property and while in possession thereof, had exercised
the option to purchase for the price, and upon the terms and
conditions therein set forth and had done and performed all
matters and things in and by his purchase agreement agreed
to be done and performed by him, in consequence of which,
so he alleged, he was not subject to being dealt with by the
County Court because of its lack of jurisdiction in view
of Section 11 of Article V of the State Constitution, to pro-
ceed with the adjudication of the relationship between plain-
tiff and defendant which was not that of landlord and
tenant.

Plaintiff in the cause filed motion for a default upon the
ground that the defendant's answer set forth no legal de-
fense to the petition, whereupon the County Judge entered
an order on plaintiff's motion to the effect following:

"This cause came on to be heard at ten o'clock A. M.,
Friday, November 16th, 1934, on motion of plaintiff and
to strike the answer and affidavit of defense of the defend-
ant and for entry of default, and the Court having heard
argument of counsel for the respective parties, and now
being advised of his ruling,

"It Is Ordered, Adjudged and Decreed that plaintiff's
motion to strike answer and affidavit of defense, and for
entry of default, be and the same is hereby denied.

"And the Court being of the opinion that the matters and things set up by the answer and affidavit of defense filed by the defendant raised a question over which this Court has no jurisdiction and that this Court has no jurisdiction of this cause in view of the matters and things set up in said answer and affidavit of defense.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court has no jurisdiction of said cause and that same is hereby dismissed at cost of plaintiff.

"Done and ordered, adjudged and decreed at Orlando this 19th day of November, A. D. 1934.

"VICTOR HUTCHINS,
*"Judge of above Court.*

The controversy between the parties is now before the Supreme Court on a mandamus issued directed to the respondent, Victor Hutchins, as County Judge and *ex officio* Judge of the County Court of Orange County commanding him to forthwith vacate the foregoing quoted order of dismissal and thereupon proceed with the dispatch of the delinquent tenant suit, or show legal cause before this Court for his failure so to do.

A motion for peremptory writ of mandamus having been interposed by relator in this proceeding to the respondent's return which undertakes to set up his lack of jurisdiction as County Judge to determine what respondent says is in substance an equitable plea giving rise to an equitable controversy, and not an issue appropriate to be adjudicated in the trial of a landlord and tenant proceeding in the County Court, it is suggested by relator in his brief that the true question for decision thus raised by the pleadings now before us shall be stated in substance as follows:

"Where in a landlord and tenant action in Florida, brought by a landlord against a tenant at sufferance, the

defendant pleads, by way of equitable plea, that the defendant ought not to be removed because, although the defendant admits he has no right of possession under his former lease, the defendant claims that he has an equitable right of possession, based on a separate agreement in the nature of an option to purchase, does the filing of such an equitable defense *ipso facto* deprive the County Court of jurisdiction of the controversy as raising a question of title?"

Mandamus lies to compel a County Court to exercise its lawful jurisdiction where it refuses to do so, but will not be used to correct errors of procedure or judgment. State, *ex rel.* Dykeman v. Petteway, 96 Fla. 74, 117 Sou. Rep. 696.

In every landlord and tenant proceeding the County Court or County Judge, as the case may be, has full jurisdiction to determine from the pleadings and evidence as a matter of law whether or not there ever came into actual existence the relationship of landlord and tenant between the parties litigant in the landlord and tenant proceeding pending before him, and furthermore when, if ever, that relationship came to an end or some other status was established between the parties who, having once been landlord and tenant toward each other, may have brought that relationship to a close by the substitution of some other to take the place of the former. The general rule that a tenant is estopped to deny his landlord's title is applicable to summary landlord and tenant proceedings only where the landlord and tenant relationship is admitted or established (Pugh v. Davis, 103 Ala. 316, 18 Sou. Rep. 8, 49 A. S. R. 30; Note to 120 A. S. R. 57). It does not preclude an alleged tenant from showing as a matter of defense that the landlord and tenant relation never existed, or if it did once exist that the alleged tenant surrendered possession to the landlord and

assumed another relationship by going back into possession under some other status or claim. Note 49 L. R. A. 438; Reich v. Cochran, 151 N. Y. 122, 45 N. E. Rep. 367, 56 A. S. R. 607, 37 L. R. A. 805.

The determination of whether or not a relationship of landlord and tenant ever existed, the date that it was created, and the date that it was brought to an end, either by delinquency, agreement, operation of law, or other terminating case, are all factors to be decided in the adjudication of a landlord and tenant proceeding brought under our statutes if and when properly put in issue. Therefore the jurisdiction of a County Court to try such landlord and tenant proceedings in the first instance, includes within its purviews ample jurisdiction to make a legal finding on the existence *vel non* of an alleged tenancy relationship as the predicate for the maintenance of such a proceeding.

Hence an affidavit of defense, plea, answer or other response merely setting up facts that if true, simply operate as a negation of the alleged tenancy asserted by the plaintiff in such a proceedings, would not *per se* oust the jurisdiction of a County Court to try the issue raised thereby to the extent of deciding the existence of the relationship of landlord and tenant *vel non,* nor preclude the entry of a judgment awarding recovery of possession of the alleged leased premises involved in the proceeding, should the fact of tenancy be found in the affirmative.

It is a general rule, arising as a corollary out of the fundamental proposition that a tenant cannot contest his landlord's title, that he is likewise precluded from denying to his landlord the rights of possession that legally flow from the relationship in favor of the landlord, so long as the original relation of landlord and tenant as first created between the parties continues undissolved by a surrender back

of the premises to the landlord from whom possession was acquired. And defenses on equitable grounds that are *dehors* the landlord and tenant relationship are not available in a landlord and tenant removal proceeding where, if allowed, the defense on equitable grounds attempted to be set up would operate to the disparagement of either the legal or the equitable title that the landlord is admitted to have had at the time the relationship of landlord and tenant was first created between such landlord and his tenant whom he seeks to oust in a summary landlord and tenant proceeding for causes that are sufficient to warrant the defendant's removal from possession as a tenant.

This is true whether equitable pleadings in law cases are permitted or not in courts other than the Circuit Court as a general proposition of practice—the reason being that the relationship of a tenant toward his landlord, so long as it continues as originally created, estops the defending tenant from setting up or pleading anything which, if entertained as a defense, would operate to the prejudice of the landlord's legal or equitable title which such tenant, by the very fact of his admission that he is a tenant under plaintiff, stands estopped to deny.

The tenant, however, is not without remedy if, indeed, he has an equitable defense against his admitted landlord which by reason of legal principles he is estopped from asserting in a landlord and tenant proceeding brought against him contrary to equity and good conscience. Masser & Baron v. London Operating Co., 106 Fla. 474, 145 Sou. Rep. 72. A court of equity may, on equitable grounds at the suit of a tenant, enjoin a landlord from prosecuting pending or threatened landlord and tenant proceedings, and thus render available any proper equitable defenses the tenant may

have against his landlord. Kaufman v. Liggett, 209 Pa. St. 87, 58 Atl. Rep. 129, 103 A. S. R. 988, 67 L. R. A. 353.

In the present case, it appears that the respondent County Judge has misapprehended the law as to his jurisdiction in the cause which he has ordered dismissed without making a determination on its merits of the issue raised by the putative tenant's answer. Such answer is in substance nothing more than a speaking denial on the pleader's part of the existence of any such relationship as that of land-lord and tenant at the time the suit was begun so as to war-rant maintenance by the plaintiff of a statutory proceeding to oust him by means of a judgment of the County Court in the premises.

So the respondent County Judge at the time he halted his own proceedings, did have jurisdiction to do that which he has so far refused to do—that is, to proceed to determine on its merits the issuable fact whether or not the defendant in the case brought before him held over in possession of the disputed premises as the result of landlord and tenant's relationship that, as asserted by plaintiff, was once created and never thereafter actually surrendered by the tenant back to the plaintiff from whom such possession as a tenant was initially derived as alleged. Therefore the order com-plained of is such as should be ordered vacated and the re-spondent Judge directed to reinstate the cause for further proceedings according to the statute, as commanded by the alternative writ of mandamus.

The cases of State, *ex rel.* Washburn, v. Hutchings, 101 Fla. 773, 135 Sou. Rep. 296; South Florida Amusement & Dev. Co. v. Blanton, 95 Fla. 885, 116 Sou Rep. 869; Hewitt v. State, *ex rel.* Robbins, 101 Fla. 807, 135 Sou. Rep. 130, and similar previous decisions rendered by this Court on the proposition of jurisdiction in a case like the present

one, do not conflict with the foregoing view. When properly interpreted in the light of the controversies they undertook to decide on the basis of the particular facts appearing in those cases, they can be readily distinguished from the present case in that, in each of the cases above cited, it was either *prima facie* admitted or established by the pleadings or evidence before the County Judge of County Court that the relation of landlord and tenant claimed by plaintiff but challenged by defendant, did not exist at the time the proceedings was brought in view of the particular circumstances appearing in those cases. Hence the real and substantial issue in each of them was not appropriate to be heard and determined by a County Judge or in a County Court under the limited jurisdiction to remove tenants in summary statutory proceedings. See discussion of the cited cases in note to Hewitt v. State, *ex rel.* Palmer, 108 Fla. 335, 146 Sou. Rep. 578.

We therefore hold that in a landlord and tenant action in Florida, brought by a landlord against one alleged to be in possession of premises as a tenant of the plaintiff, that the mere filing by defendant of an affidavit of defense, plea, answer or defensive response to the effect that defendant claims title, whether legal or equitable, but without undertaking to disprove that the inception of defendant's admitted present·possesion was as plaintiff's tenant in the first instance, does not oust the jurisdiction of a County Court, or a County Judge, before whom the proceedings have been brought, to try and decide the issue of whether or not defendant holds over in possession of disputed premises by reason of having gone into possession as plaintiff's tenant and then, after attorning to him as such, thereafter refused without legal cause to surrender up his occupancy under such circumstances as to put an end to the landlord and

tenant relationship that admittedly existed to start with, between such defendant and the plaintiff in the landlord and tenant action.

We are not unmindful of the point forcibly argued by distinguished counsel for respondent to the effect at most the order complained of is an eroneous final judgment that should be attacked by appeal or writ of error in an appellate proceeding and not by mandamus in this Court.

The County Court's order, however, is in terms predicated on a supposed lack of jurisdiction which is recited on the face of such order as the sole and only basis for its entry. Such jurisdictional recital, therefore, brings this case within the rule of State, *ex rel.* Garrett, v. Johnson, Judge, 112 Fla. 112, 150 Sou. Rep. 239, where it was held by this Court that under like circumstances either writ of error or mandamus would lie, because of the jurisdictional controversy involved that was appropriate to a mandamus case.

It follows that a peremptory writ of mandamus in accordance with the alternative writ should be awarded, and it is so ordered. No costs will be allowed against the respondent.

Judgment for peremptory writ of mandamus entered.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., concurs specially.

ELLIS, J. (concurring).—I think the writ should issue because the affidavit of defense which admits possession originally as tenant does not with sufficient particularity allege compliance with all the conditions of a valid exercise of the option to purchase without which the option becomes null and void.

The affidavit of defense therefore was imperfect.