**FOREST CHAPMAN, County Judge of Sarasota County, and Judge of the County Court, and WALTER GILL, v. STATE OF FLORIDA ex rel T. N. CARLTON.**

11 So. (2nd) 335      January Term, 1943
January 15, 1943      En Banc

*M. A. Rosin,* for appellants.
*W. W. Whitehurst,* for appellee.

**BUFORD, J:**

This cause is before us on appeal from a judgment awarding peremptory writ of prohibition against the County Judge of Sarasota County, prohibiting him from proceeding in a certain cause pending in the County Court of Sarasota County, Florida, wherein Walter Gill as plaintiff, filed his complaint against T. N. Carlton in words and figures as follows, to-wit:

"Walter Gill of Sarasota County, Florida, complains that T. N. Carlton has unlawfully turned him out of and withholds possession of certain real estate situate, lying and being in Sarasota County, Florida, described as follows:

"W½ of SW¼ of Section 3 and S½ of Section 4 all in Township 38 South, Range 22 East containing by estimation 400 acres of land, with appurtenances; whereof he prays restitution of possession and his damages.

Walter Gill,<br>Plaintiff."

And in which cause T. N. Carlton has filed his plea, as follows:

"Defendant denies that he entered into, or upon, the said lands with force of arms or with force, threats or intimidations, or as the result of any act or threat amounting to force, or that he entered upon the said lands unlawfully, but avers that defendant entered in and upon the said lands and every part and parcel thereof in any easy, open and peaceable manner, without force, threat, or intimidation and that such entry in and upon said lands was as the owner and holder of the fee simple title thereto, which defendant says he owns and holds in and to said lands and every part thereof, and that such entry was made upon said lands as the owner, and that defendant took possession thereof as owner and now so continues in the actual possession therof as such owner and holder of the fee simple title and that the entry and taking of possession was in a peaceable, easy and open manner and was neither forcible, or unlawfully.

"Exhibit No. 3. Defendant avers that this action or proceeding involves the question of title; that plaintiff's possession is based upon his ownership of the property and that his entry upon the said lands as aforesaid, was as the owner thereof, owning and holding the fee simple title, and he further avers that the plaintiff has no right, title, interest or claim whatsoever thereon, or therein and expressly denies that he has unlawfully or forcibly turned the plaintiff out of possession, or that he unlawfully withholds from the plaintiff, and alleges that the plaintiff has no right of possession whatever therein and never has had and that by reason of the fact that defendant owns and holds the fee simple title to the said lands and entered in and upon the same in a peaceable, easy and open manner, and took possession thereof as the

owner and holder of the fee simple title, this court is without jurisdiction to hear and determine this cause for the reason ·that the ultimate question to be determined herein is whether defendant is the owner of the said lands and as such owner and holder of the fee simple title thereof lawfully took possession of the same and that the substantial question involved in this cause is one of title and, therefore, the court is without jurisdiction to try or determine the said cause."

After the plea was filed Carlton moved to dismiss the cause because the county court was without jurisdiction in that Carlton's plea raised the question of title which was necessary to be determined and the county court was without jurisdiction to determine the issue of title.

The County Judge denied the motion to dismiss and thereupon Carlton applied to the circuit court for writ of prohibition. On final hearing peremptory writ of prohibition was awarded, from which judgment this appeal is taken.

We think the principles of law applicable to this case are enunciated in the case of Hewitt v. State ex rel. Palmer, 108 Fla. 335, 146 So. 578.

In the petition for prohibition Carlton alleged:

"Petitioner represents that the lands described in the petition filed in the said cause and in the summons and writ, are the identical premises covered by and embraced in the deed to petitioner from the original record owners thereof, a copy of said deed being hereto annexed, in addition to other lands; that said lands are valuable only for pasture purposes and for the grazing of cattle and have been so used and are not valuable for any other purposes and were purchased by your petitioner solely to be used by him for the pasturing of his cattle ranging in DeSoto and Sarasota counties; that said lands are enclosed with a pasture fence, consisting of three or four wires securely fastened to posts in the ground at intervals so as to form a substantial fence for the enclosure of cattle and that this land and these fences are the property of petitioner to which he obtained full and complete title from the owners of the said lands under the deed, a copy of which is annexed hereto; that there are three entrances into the

said enclosure, all of which are by cattle gaps, unlocked and such as may be readily opened and entered and that said enclosures may be entered at any time in a peaceable, easy and open manner and petitioner went to the said property for the purpose of placing his cattle in said enclosure and found other cattle in and upon his said lands embraced within said enclosure and that he opened one of said gates, or gaps, and drove the said cattle of the Respondent from and off of petitioner's said lands into an enclosure of the Respondent, Walter Gill, which the said Respondent has and maintains for the grazing of his own cattle; that this was done in the daytime in a peaceable, easy and open manner and without any objection, or opposition from the said Respondent, or anyone on his behalf and that said gap or cattle gate was opened and said cattle driven by petitioner from his said lands in a peaceable, easy and open manner without violence, or force of arms, and without any threats of violence, force, or intimidation whatever, and without any opposition or objection from the Respondent, or anyone on his behalf, and petitioner took possession of his said lands by placing his own cattle thereon, and that all of this was done and accomplished by him because of his ownership thereof and by reason of holding the legal title thereto, and not otherwise, and that the said entry upon his lands was made in an easy, peaceable and open manner."

These allegations are sufficient to show that Gill was in the peaceable possession of the property, using the same for pasture and that Carlton unlawfully and focibly entered into and upon the lands, removed Gill's cattle therefrom and turned his own cattle in and thereby took possession of the land of which Gill was theretofore in the peaceable possession.

The fact that Carlton was not required to break any locks or tear down a fence or use violence did not make the entry lawful. The allegations of his petition, supra, show that it was necessary for him to open the gaps. That required some, though probably slight, force. The allegations also show that he, and those with him, drove Gill's cattle off the land and thereby with such force as it required to remove those cattle ousted Gill of his possession.

It is not necessary for us to either repeat or enlarge upon what was said in the case of Hewitt v. State ex rel. Palmer, supra. It is sufficient to say that the only issue to be tried in the county court is, whether or not Carlton unlawfully entered into possession of lands of which Gill was in peaceable possession and ousted Gill of that possession. The mere fact that he held title to the land did not warrant him in assuming to oust Gill of the possession of the property by forcible entry. Applying the enunciations stated in the case of Hewitt v. State ex rel. Palmer, supra, we must reverse the judgment of the Circuit Court and remand the cause with directions that judgment be entered in favor of the respondents in prohibition.

So ordered.

TERRELL, BROWN, CHAPMAN, THOMAS and ADAMS, JJ., concur.

SEBRING, J., not participating.