Suit by J.H. Lippard against Horace Cox and Floretta Cox, his wife, to quiet title. To review an order denying defendants' motions to dismiss, transfer cause to law side of court or award a jury trial, plaintiff brings certiorari.
Petition granted, and order quashed with directions.
On December 31, 1947, J.H. Lippard filed a bill of complaint in equity in the Circuit Court of Hillsborough County, Florida, to quiet title to described land owned by him. He alleged that Horace Cox and Oliver Lot each owned adjoining tracts and each were claiming land then owned by Lippard. Prior to the filing of the bill of complaint, it was alleged, that a controversy arose between Lippard, plaintiff below, and Horace Cox and Oliver Lot, defendants below (petitioners here), as to the extent of ownership and boundaries of the tracts owned by the respective parties. The defendants below were in possession and claimed ownership of the land as against the plaintiff below at the time of filing the bill of complaint. The boundaries of the tracts owned by the parties and title thereto were in dispute as shown by the pleadings. The plaintiff prayed that the Chancellor hear all the testimony of the respective parties and make a finding therefrom and decree the true boundary lines (or division) of the tracts owned by the plaintiff and defendants.
The joint and several answers of the defendants below admitted the ownership of adjoining tracts of land with the plaintiff below but denied that the plaintiff owns the land in dispute and asserted their ownership and possession of the areas for many years prior to the institution of the suit. The boundary line between the tracts as owned by the parties below was in controversy. The defendants below moved the Court for the entry of an order transferring the cause to the law side of the Court, or award a jury trial or dismiss the cause, all of which were denied and an order of reference was entered with directions to take such testimony as adduced by the parties and report the same to the Chancellor with convenient speed. On petition here for interlocutory writ of certiorari it is contended that the cause should have been transferred to the law side of the court and a jury trial awarded the parties.
Section 11 of Article 5 of the Constitution of Florida, F.S.A., provides that the Circuit Courts shall have exclusive original jurisdiction of the action of ejectment and all actions involving the title or boundaries of real estate. See Welch v. State,85 Fla. 261, 264, 95 So. 751; State ex rel. Washburn v. Hutchins,101 Fla. 773, 135 So. 298; Hewitt v. State, 108 Fla. 335,146 So. 578, and similar cases. Section 3 of the Declaration of Rights to the Constitution of Florida provides that "The right of trial by jury shall [be] bee secured to all and remain inviolate forever."
It appears by the allegations of the bill of complaint and the brief of the respondent that the defendants-petitioners are now in the possession of the lands involved in the controversy. The constitutional right of trial by jury is not challenged but respondent's answer thereto is that the defendants-petitioners "waived the right of *Page 220 
trial by jury". The order of the court below dated August 15, 1948, denied the motions "to dismiss, transfer or award a jury trial".
Section 66.16, F.S.A., provides a remedy for the quieting of title to real estate in a court of equity but the constitutional right of trial by jury is set out in the following language of the statute: "* * * provided, however, that if the defendant or any of them in such case is in the actual possession of any part of the land involved in such suit, a trial by a jury may be demanded by either party, whereupon the court shall order said cause to be docketed on the law side of said court, and at the next regular term thereof shall cause an issue in ejectment to be made up and tried by a jury as to any lands claimed to be in the actual possession of the defendant, or either of them. * * *" See Albury v. Drummond, 95 Fla. 265, 116 So. 236.
Emphasis by counsel has been placed on the several provisions of Chapter 24099, Acts of 1947, Laws of Florida, F.S.A. § 66.28 et seq., and our recent decision of Key v. All Persons Claiming Any Estate etc., Fla., 36 So.2d 366, construing or interpreting some of the provisions of the Act as applicable to the suit at bar. The effect of our holding in this suit was to sustain the Chancellor below in holding given provisions of Chapter 24099, supra, unconstitutional. Our answer to the contention is that the cited Act and decision have no influence on the controversy before us.
The writ of interlocutory certiorari is granted and the challenged order dated August 18, 1948, is quashed with directions to transfer the cause to the law side of the court, and, after the issues in ejectment have been settled, submit the same to a jury under appropriate instructions.
It is so ordered.
ADAMS, C.J., and TERRELL, THOMAS and SEBRING, JJ., concur.
BARNS, J., concurs in part and dissents in part.
HOBSON, J., not participating.