STATE OF FLORIDA *ex rel.* MARY B. JEWETT AND LILLIAN N. INMAN, AS EXECUTRICES OF THE LAST WILL AND TESTAMENT OF FLORENCE E. INMAN, DECEASED, *Relator,* v. F. M. ROBLES, JUDGE OF THE CIRCUIT COURT, THIRTEENTH JUDICIAL CIRCUIT OF FLORIDA, *Respondent.*

Opinion filed June 1, 1918.

## PROHIBITION—REVIVAL OF JOINT SUIT AT LAW AGAINST REPRESENTATIVES OF DECEASED JOINT DEFENDANT.

Where a joint suit at law in assumpsit to recover upon a joint promissory note is instituted against two or more parties makers of such note, and one of such parties subsequently dies, the trial judge, under our statutes, has no jurisdiction or power to enter an order in such cause to the effect that said cause be separated and should continue as two separate actions, the one against the surviving defendants and the other against the personal representatives of such deceased defendant and requiring the personal representatives of such deceased defendant to appear and plead to the declaration in said cause, and that said cause proceed against such personal representatives as a separate suit against them in their representative capacity, and that said original cause shall proceed against the surviving defendants as a separate action from the one carved out of it against such personal representatives of such deceased defendant, and prohibition will lie to estop such unauthorized procedure.

Original.

Demurrer overruled and peremptory writ ordered.

*Wm. Hunter* and *E. R. Gunby,* for Relator;

*McKay, Withers & Phipps,* for Respondent.

TAYLOR, J.—This original cause in this court came on to be heard upon demurrer of the respondent to the petition and suggestion for the writ of prohibition against the respondent Judge, to prohibit him as such judge from proceeding further in a so-called separate action carved out of an original action at law in the Circuit Court of Hillsborough County against the relators as executrices of Florence, E. Inman, deceased. By the allegations of the petition and suggestion for the writ of prohibition, that are admitted to be true by the demurrer, it appears that one Louis Brill, as plaintiff, instituted his original joint action at law in assumpsit in the Circuit Court of Hillsborough County upon a joint promissory note against Eugene Holtsinger, Florence E. Inman (then living) and Swann & Holtsinger Company, et al.; that after she had appeared in said suit the defendant therein, Florence E. Inman, departed this life testate appointing the relators herein as the executrices of her will. That thereupon at the suggestion and on the motion of the plaintiff in said suit the respondent Judge made an order in said cause to the effect that the said cause be separated and should continue as two separate actions, the one against the surviving defendants and the other against the relators herein as executrices of the deceased defendant Florence E. Inman, and required the said relators, as said executrices, to appear and show cause why said action should not be separated and proceeded in against them as such executrices and why they should not appear and plead to the original declaration filed in said separated cause. The respondent Judge subsequently made this rule absolute and required the relators as such executrices to appear and plead to the original declaration, as the dec-

laration in such separate suit against them. The demurrer to the suggestion for the writ of Prohibition presents the question of the jurisdiction and power of the Circuit Judge to make the orders complained of.

The orders complained of is virtually a revivor of a joint action at law against three joint defendants against the executors of one of such defendants deceased. This proceeding is not warranted by our statutes and the Circuit Judge had no jurisdiction or power to enter them, and he is hereby prohibited from proceeding further in such separate action against said relators herein and from making any other orders or judgments therein.

The demurrer to the petition and suggestion is overruled and the peremptory writ of Prohibition is hereby ordered as herein provided, at the cost of the State of Florida.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.