SOUTH FLORIDA AMUSEMENT AND DEVELOPMENT COMPANY, A CORPORATION, *Plaintiff in Error*, v. HONORABLE W. F. BLANTON, AS COUNTY JUDGE OF DADE COUNTY, FLORIDA; HOPE FINANCE CORPORATION, A CORPORATION; AND SOUTH MIAMI REAL ESTATE COMPANY, A CORPORATION, *Defendants in Error*.

Division B.

Opinion Filed May 9, 1928.

*Loftin, Stokes* and *Calkins,* Attorneys for Plaintiff in Error;

*McCaskill & McCaskill,* Attorneys for Defendant in Error.

TERRELL, J.—On June 10th, 1927, Hope Finance Corporation and South Miami Real Estate Company filed their petition in the County Judge's Court of Dade County, Florida, as authorized by Section 3536, Revised General Statutes of Florida, seeking to evict South Florida Amusement and Development Company from certain lands therein more specifically described. Responding to the summons issued from said petition South Florida Amusement and Development Company entered its plea denying the jurisdiction of the said court to hear and determine said cause. A motion to strike the said plea was granted.

The motion to strike being granted, South Florida Amusement and Development Company filed its suggestion for writ of prohibition in the Circuit Court, as authorized by Section 3585, Revised General Statutes of Florida. The rule in prohibition was granted and on motion of South Miami Real Estate Company and Hope Finance Corpora-

tion was dismissed. To the order dismissing the rule in prohibition South Florida Amusement and Development Company took writ of error.

The sole assignment of error is: That the Circuit Court erred in dismissing the rule and in discharging the defendants therefrom.

The predicate for this litigation is an "agreement" between the parties hereto dated August 25, 1926, which is attached to and made part of the petition filed in the County Judge's Court June 10, 1927. Plaintiff in error contends that the "agreement" was a contract of sale under which it was put in possession of the lands described, consequently its relation to the defendant in error was that of vendor and vendee while defendants in error contend that the "agreement" was a lease and that their relation to plaintiff in error was that of landlord and tenant.

Section 11 of Article V of the Constitution, among other things, provides that the Circuit Courts shall have exclusive original jurisdiction "of all actions involving the titles or boundaries of real estate." In view of this provision we think that when any action is predicated on a contract, agreement or other instrument that raises a real and substantial question as to the title or boundary to real estate, the County Judge should decline to proceed further in the cause. Welch v. State *Ex Rel.* Johnson, 85 Fla. 264, 95 So. 751; see also Burton Barrs, as Judge etc. v. State, decided January 25, 1928.

It is true that the agreement in controversy is several times spoken of in the body of it as a lease but on consideration of its whole tenor and effect it bears no resemblance whatever to a lease but has all the *indicia* of a conditional sale. In this construction we do not depart from the rule to the effect that the name or nature of an instrument depends always on the intention of the parties to it. This

intention however must be gleaned from the entire content of the instrument in the light of the influences that effect it. The name given to an instrument by the parties to it is not controlling unless the name so given squares with the intent as expressed in the body of the instrument. Brown v. Beckwith, 60 Fla. 310, 53 So. 542; L'Engle v. Overstreet, 61 Fla. 653, 55 So. 381; Ross v. Savage, 66 Fla. 106, 63 So. 148; Dekle v. Valrico Sandstone Company, 74 Fla. 346, 77 So. 95; Underhill on Landlord and Tenant, 250-251; Tiffany on Landlord and Tenant, Vol. 1, pages 170-171.

Being of the view that the ''agreement'' on which this litigation is predicated is a conditional sale rather than a lease it necessarily follows that the County Judge's Court was without jurisdiction to hear and determine the cause. It was therefore error to dismiss the rule in prohibition.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

STRUM AND BROWN, J. J., concur in the opinion and judgment.

ELLIS, C. J. (dissenting):

I think that parties to a contract can determine their own relation whether it shall be landlord and tenant or vendor and vendee. That in this case they have by their contract under seal determined that relation to be landlord and tenant which upon the complete fulfillment of the terms imposed upon the lessee becomes that of vendor and vendee. The instrument becomes in that case a contract for the sales or conveyance of the land. I think the county

judge had jurisdiction to determine whether the instrument was a lease or a contract for the sale of lands. The term "Conditional Sale" is not applicable to this class of contract.