Petition for writ of prohibition filed in this Court sets forth in substance that on August 27, 1929, McKenney-Rylander Inc., filed its petition in the county court of Orange County, Florida, as authorized by Section 5400 (3536) Compiled General Laws of Florida, 1927, seeking to have F. B. Washburn and Metha K. Washburn removed from certain premises for default in payment of rent, after three days' notice in writing requiring the payment of such rent or the possession of the premises; that respondents F. B. Washburn and Metha K. Washburn filed their plea in the court below denying that they owed McKenney-Rylander Inc. any rental for the said premises and averring that their only relations with McKenney-Rylander Inc. with reference to the property involved were contained in a contract entered into between the said Washburn and McKenney-Rylander Inc. Marked exhibit "A" and made a part of said plea which (save as to testimonium and attestation clauses, signature, seal and acknowledgment) is of the following tenor:
"THIS AGREEMENT, made and entered into, this 28th, day of July, A.D. 1927, by and between McKenney-Rylander Incorporated, a corporation, organized and existing under the laws of the State of Florida, with its principal office in Orlando, Florida, party of the first part, and F. B. Washburn and Metha K. Washburn, his wife, of Orlando, Orange County, Florida, parties of the second part.
"WITNESSETH, that for and in consideration of the *Page 775 
sum of ($1.00) dollar paid each to the other, party of the first part agrees to remodel and equip the store location in the MxKenney-Rylander Building at the corner of Orange Avenue and Washington Street, now known as No. 9 and No. 11 West Washington Street, according to plans which have been submitted and accepted by parties of the second part for the purpose of operating a tea room.
"Parties of the second part agree to accept and operate the tea room so remodeled and equipped for a period of three years from the date of this agreement and to render to party of the first part each week a detailed statement and report of the volume of business done each day over the past week, said report to contain the number of patrons served, amount of cash taken in and the cash balance in the bank, together with a statement of all expenses and disbursements over the period and when there is such an accumulation of funds that would justify a distribution between party of the first part and parties of the second part a disbursement will be made on the following basis.
"Parties of the second part are to draw in salaries an amount equalled to, but not greater, than an amount to be paid to party of the first part as rental, at which time party of the first part is to receive a like amount as rental, and such net balance, after payment of all expenses for maintenance and operation, shall be divided equally between party of the first part and parties of the second part, reserving a reasonable amount for operating and maintenance expenses.
"The amount fixed for rent during the life of this contract is not to exceed three hundred ($300.00) dollars per month, against which a like amount may be drawn from the funds by parties of the second part as an offset to the amount charged as rent. *Page 776 
"Party of the first part agrees to remodel, equip and furnish the above mentioned store rooms in a neat, substantial and satisfactory manner, to be thoroughly equipped with such articles as are necessary for the proper operation of a tea room, it being understood that all fixtures and equipment remain the property of the party of the first part and such broken or damaged fixtures or equipment are to be replaced from time to time from the maintenance fund.
"It is mutually understood and agreed that party of the first part have the right to confer with parties of the second part at any time with regard to the operation of said tearoom, though the general supervision and operating is to be entirely in charge of parties of the second part.
"It is mutually understood and agreed by the parties hereto that neither party shall have the right to sell their equity or interest under this contract to anyone without first offering the other party an option to purchase the other's interest, nor will either party have the right to sell their interest without first obtaining the written consent of the other party."
It is averred in the petition filed in this court that the only relation existing between the petitioners and McKenney-Rylander Inc., with reference to the property is contained in the contract above set forth, and that the Honorable Victor Hutchins has been requested to decline to exercise jurisdiction and not try the said cause, but has refused so to do, and has set the said cause for trial and is proceeding to exercise jurisdiction and try the cause.
Rule was issued and respondents demurred to the petition. *Page 777 
The common-law writ of prohibition is not a writ of right, but it is an extraordinary judicial writ that in proper cases may be issued to restrain the unlawful exercise of judicial functions when no other adequate remedy is afforded by law. State v. Railroad Com'rs of Florida, 79 Fla. 526, 84 So. 444.
Under the provisions of Section 5417 (3553) Compiled General Laws of Florida, 1927, providing for writ of error from any final judgment upon proceedings for removal of tenant, it is provided that no writ of error so taken shall operate as a supersedeas, and writ of error, therefore, from final judgment in such proceedings does not always afford an adequate remedy to the aggrieved party.
Should it be admitted that a writ of error would not offer an adequate remedy, the determinative question here presented is as to the jurisdiction of the lower court over the subject-matter of the suit. Crill v. State Road Dept. 86 Fla. 110, 117 So. 795.
The phrase "subject-matter of a suit" when reference is made to question of jurisdiction means the nature of the cause of action and the relief sought. State v. Muench, 217 Mo. 124, 117 S.W. 25, 129 Am. St. Rep. 536, citing Hope v. Blair, 105 Mo. 85, 16 S.W. 595, 24 Am. St. Rep. 366.
In South Florida Amusement Co. v. Blanton, 95 Fla. 885,116 So. 869, petition was filed in the County Judge's Court of Dade County, Florida, as authorized by Section 5400 (3536) Compiled General Laws of Florida, 1927, to remove the defendant therein named for default in payment of rent, after three days' notice requiring the payment of such rent or the possession of the premises had been served upon the defendant. The defendant therein filed a plea denying the jurisdiction of the court. The *Page 778 
cause there was squarely predicated upon an agreement attached to the petition for removal of tenant which agreement was therein termed a lease. This agreement partook somewhat of the nature of a lease and also of an executory contract between the first and second parties for the sale and conveyance of certain lands. The contract or agreement upon which the suit was predicated and which formed the basic right of the parties thereto was construed by this Court to be an executory contract for the sale of lands (conditional sales contract) and, therefore, not such an instrument as would entitle the petitioner in the court below to maintain an action thereon for removal of a tenant for nonpayment of rent. It was held that the circuit court erred in dismissing the rule theretofore issued in prohibition proceedings instituted by defendant.
In the instant case, the contract upon which the suit below is founded, does not create the relation of landlord and tenant, State v. Page, 1 Spears' Law (S.C.), 408, 40 Am. Dec. 608; Cudahy Packing Company v. Hibou, 92 Miss. 234, 46 So. 73, 18 L. R. A. (N. S.) 975, and notes 18 (L. R. A. (N. S.) 1044, 1045, and 1076 to 1087) and the court below was without jurisdiction of the subject-matter of the suit. South Fla. Amusement Co. v. Blanton, supra; State v. Robles, 75 Fla. 790, 78 So. 981. The demurrer to the petition and suggestion is overruled and it is hereby ordered that the peremptory writ of prohibition do issue.