185 So.2d 484 (1966)
Jean FRAZEE, Appellant,
v.
Nellie G. FRAZEE, Appellee.
No. H-240.
District Court of Appeal of Florida. First District.
April 19, 1966.
*485 J.B. Hodges, Lake City, for appellant.
Milo I. Thomas, Jr., and W.H. Wilson, Jr., Lake City, for appellee.
WIGGINTON, Acting Chief Judge.
This appeal is from a judgment rendered by the Circuit Court of Columbia County in the exercise of its appellate jurisdiction by which it affirmed a final judgment of the county judge's court of that county rendered in a landlord and tenant proceeding brought pursuant to Chapter 83, F.S.
Appellee instituted action in the county judge's court seeking removal of appellant as a tenant at sufferance from a certain described parcel of land situate in Lake City. Instead of filing a return to the petition showing cause why she should not be removed from the premises described in the petition, appellant filed a motion to dismiss the action on the ground that the petition failed to state a cause of action, and alleging that appellant was the beneficial owner of the premises and not a tenant at sufferance. The case came on for hearing after due notice, at the conclusion of which a final judgment was rendered in favor of appellee. The judgment was appealed to and affirmed by the Circuit Court of Columbia County. From that judgment of affirmance this appeal is taken.
At the outset we are confronted with a procedural problem. A party is not permitted under the Constitution and laws of Florida to two appeals from the same judgment. The appeal of the final judgment rendered by the county judge's court was properly taken to and considered by the Circuit Court of Columbia County sitting in its appellate capacity.[1] Judgments rendered by the circuit court in the exercise of its final appellate jurisdiction may be reviewed by the district courts of appeal through the vehicle of certiorari.[2] Appellant's misconception of the remedy afforded her for review of the judgment here assaulted will not, however, preclude our consideration of her grievance. The appeeal herein shall be regarded and acted on as a petition for certiorari duly presented in conformity with the rules of appellate practice, and the issues presented will be considered under the rules relating to review by certiorari rather than the rules applicable to direct appeal.[3]
By her brief petitioner contends that the trial court departed from the essential requirements of law by forcing her into a trial of the cause at a hearing of which notice was given for the sole purpose of disposing of pending motions, and at which she was not prepared to present her defense on the merits. She further contends that the motion filed by her raised a real and substantial question of title to the real estate described in the petition, which issue the county judge was without jurisdiction to try or determine, and that in doing so he acted in excess of his jurisdiction.
The record on appeal brought to this court by petitioner is so indefinite and incomplete as to make it virtually impossible *486 for us to pass upon either of the issues raised by her. The record contains the petition filed by respondent pursuant to Chapter 83, F.S., relating to landlord and tenant proceedings. The record also contains petitioner's verified motion to dismiss the action on the grounds heretofore mentioned. Both parties agree that at the hearing of which due notice was given petitioner's motion to dismiss the petition was duly argued and denied by the court, but no order of denial was rendered or filed in the cause. Petitioner asserts that instead of rendering an order denying her motion to dismiss, the court proceeded to enter final judgment against her. She argues that since she attended the hearing only for the purpose of disposing of her pending motion to dismiss the petition, she was not prepared to offer evidence in support of her defense to the cause of action sued upon, and that by summarily rendering final judgment the court denied her due process of law as guaranteed by the Constitution of this state.
On the other hand respondent counters with the argument that after the trial court announced its denial of petitioner's motion to dismiss the petition, the parties proceeded directly into a final hearing on the merits of the case by offering testimony and evidence in support of the position taken by each of them, and that it was on the basis of the evidence adduced by the parties at this hearing that the court rendered its final judgment. The record on appeal is entirely devoid of any proceedings before the county judge, which proceedings neither party saw fit to have reported and transcribed for inclusion in the record. The final judgment does recite, however, that the cause came on for trial after due notice, and neither party having requested nor demanded a jury trial, the court heard the testimony and received the evidence offered by the plaintiff and defendant and upon consideration thereof found that the plaintiff was entitled to possession of the real estate described in her petition and ordered that possession be surrendered by defendant forthwith. It is fundamental that every judgment or decree rendered by a trial court is clothed with a presumption of correctness, and the burden rests upon the complaining party to clearly demonstrate any error which is claimed to have been committed in the rendition of the judgment or decree appealed.
If, as recited in the final judgment here assaulted, the parties consented to proceed to final hearing on the merits of the petition then pending before the county judge, and thereupon offered testimony and evidence in support of their respective positions, then it would appear that petitioner's claim to have been deprived of due process of law would be without merit. It is singular to note that the record contains no motion for continuance made by petitioner at the hearing before the court, nor does she contend that any such motion was made or urged at that time. We must therefore conclude that under the state of the record before us petitioner has failed to demonstrate that the trial court denied her due process of law in the circumstances relied upon, and this point of her contention is without merit.
Lastly, petitioner contends that her motion to dismiss the petition raised a real and substantial question of title to the real estate described in the petition and therefore the county judge was without jurisdiction to proceed further with the case. Petitioner insists that the county judge's failure to dismiss the cause of action in accordance with her motion upon the showing made therein constituted a departure from the essential requirements of law and should be quashed.
Under the Constitution of this state the circuit courts have exclusive original jurisdiction in all actions involving the titles or boundaries of real estate.[4] It has long been the law of Florida that in view of this constitutional provision, when *487 any action pending in the county judge's court is predicated upon a contract, agreement, or other instrument that raises a real and substantial question as to the title or boundary of real estate, the county judge should decline to proceed further in the cause.[5] The petition filed by plaintiff in the county judge's court does not predicate her right to possession of the real estate described therein on any contract, agreement, or other instrument, but merely alleges that defendant was in possession of the property as a tenant at sufferance. If it was defendant's purpose to raise a substantial question of title to the real estate involved herein, the proper method of doing so would have been by an answer or other return filed in response to the petition. No such defense was interposed by defendant, and such could not have been done by the motion to dismiss the action which she filed. Even should the motion be treated as a return or answer to the petition, an examination thereof clearly reveals that defendant's claim to be the beneficial owner of the property is not alleged to be predicated upon any agreement, contract, or other instrument. In fact no basis for the claim of ownership is stated or alleged. It can hardly be contended, therefore, that the motion filed by defendant was sufficient to raise a real or substantial question of title to the land for which plaintiff sought possession by the proceedings she instituted.
For the foregoing reasons we conclude that petitioner has failed to demonstrate that the Circuit Court of Columbia County departed from the essential requirements of law in entering its judgment affirming the final judgment rendered by the County Judge's Court of Columbia County. The writ of certiorari is quashed and the petition dismissed.
STURGIS and JOHNSON, JJ., concur.
NOTES
[1] Article 5, § 6(3), Florida Constitution, F.S.A. 

"The circuit courts * * * shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judges' courts, * * *."
[2] Article 5, § 5(3), Florida Constitution; State v. Katz (Fla.App. 1959), 108 So.2d 60; State v. Smith (Fla.App. 1960), 118 So.2d 792; Robinson v. State (Fla. 1961), 132 So.2d 3.
[3] F.S. § 59.45, F.S.A.; City of Miami Beach v. O'Hara (Fla.App. 1964), 166 So.2d 598.
[4] Article 5, § 6(3), Florida Constitution.
[5] State ex rel. Washburn v. Hutchins, 101 Fla. 773, 135 So. 298; South Florida Amusement & Development Co. v. Blanton, 95 Fla. 885, 116 So. 869.