THOMAS, Justice:
As is contemplated by our Rule 4.5, subd. c(6), 32 F.S.A. a separate brief has been presented on the question of the jurisdiction of this court to entertain the controversy, the petitioners averring that their initial brief is intended only to show this court’s jurisdiction, that is, that the decision of the District Court of Appeal, First District, already rendered is in direct conflict with decisions of another District Court of Appeal and of the Supreme Court on the same points of law. City of Dania v. Central and Southern Florida Flood Control District, Fla.App.1961, 134 So.2d 848; Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421, and State ex rel. Washburn v. Hutchins, 101 Fla. 773, 135 So. 298. See Art. V, Sec. 4 of the Constitution of Florida F.S.A. as amended in 1956.
Upon re-examination of the briefs and the authorities cited, we are now of the opinion that this court does not have jurisdiction of the controversy inasmuch as the petition for certiorari is brought to review an interlocutory order in a common law action that is a preliminary order in an action in eminent domain entered before any final order of taking has been entered. This procedure was long ago condemned and we are not conscious of any need now to recognize it.
The writ of certiorari is discharged so that the matter may now proceed to final order.
If the final order of taking is eventually entered, the petitioners will have abundant opportunity to seek a review and a determination of all questions which they are undertaking to have decided in this proceeding.
The action was begun by Duval Connecting Railroad Company to acquire by eminent domain a permanent and perpetual easement for a grade crossing of the right-of-way and tracks of Georgia Southern and Florida Railway Company by the tracks of Duval Connecting Railroad Company. It *613 was alleged in the petition in condemnation that the power to resort to condemnation was exercisable under Chapters 73, 360 and 361 of the Florida Statutes, F.S.A. and that the interest sought to be obtained was necessary for public use, for the operation of the railroad of Duval as contemplated in the Certificate of Incorporation of Duval, furthermore, that this necessity had been declared by Duval’s president and directors.
In their answer Georgia Southern and Florida Railway Company, and Chase Manhattan Bank, trustee of a mortgage interest in the involved property, disputed the power of eminent domain in Duval and denied the existence of necessity for the taking and further denied that there had been any declaration on the part of the president and directors of Duval to that end.
The cause was heard by Circuit Judge Gooding who disposed of it by an erudite order, now sought to be reviewed in certio-rari, titled: “Findings of Fact, Conclusion of Law and Order on Preliminary Issues.”
He decided that Duval had the right to acquire by eminent domain the right-of-way for the crossing at grade of the tracks of Georgia Southern and Florida and he found that necessity for the taking existed. He concluded that the issues in the case were reduced to a determination of compensation to Georgia Southern and Florida and to the amount to be awarded for attorney’s fees. This disposition of the case precipitated the proceeding in certiorari in which the petitioner, Georgia Southern and Florida asserts that the court wandered from the essential requirements of law in the decision that a necessity for the taking was established and that Duval was entitled to build a crossing at grade.
Upon further study and after hearing the argument of counsel, we do not retain the opinion that such conflict with decided cases has occurred as justifies our overturning the order of the District Court of Appeal holding that certiorari was inappropriate in the absence of an order of taking and incidentally our disturbing the order of the Circuit Judge in the basic problem.
CALDWELL, C. J., and ROBERTS and THORNAL, JJ., concur.
BARNS, J. (Retired), concurs specially.