PER CURIAM.
Appellants, defendants below, appeal from a final summary judgment quieting title to real property.
On April 10, 1975, the trial court entered its final summary judgment which reads in pertinent part as follows:
“THIS CAUSE coming on this day to be heard upon the Motion of the plaintiffs for summary judgment upon their Complaint to Quiet Title, the defaults previously entered in this action against WILLIAM FRANKLIN DINKINES, PEARL DINKINES SMITH, PERRY W. SMITH, IDA DINKINES BOLTON, FLORA DINKINES and JOSIE DIN-KINES FOSSLER, and the Court having considered the pleadings, the Affidavit in Support of Summary Judgment and having heard and considered arguments by counsel and being fully advised in the premises, the Court
“FINDS:
“(1) That there is no genuine issue as to any material fact; and
“(2) That plaintiffs are entitled to judgment as a matter of law.
“It is, therefore,
“CONSIDERED, ORDERED AND ADJUDGED:
“(1) That the Court has jurisdiction of the parties to the cause and the subject matter.
“(2) That the equities of this cause are with the plaintiffs.
“(3) That the defaults previously entered in this action by the Clerk of the Circuit Court be and they are hereby confirmed, ratified and made absolute.
“(4) That plaintiff, ROSE MAY DIN-KINS, as surviving spouse and sole heir at law of WESLEY DINKINS, a/k/a WESLEY DINKINES, Deceased, be and she is declared to be the fee simple and absolute owner of the following described real property situate and being in the County of Dade and State of Florida:
“Tract 7, FLORIDA FRUIT LANDS CO.’S SUBDIVISION NO. 1, Section 21, Township 53 South, Range 40 East, according to the Plat thereof, as recorded in Plat Book 2, Page 17, Public Records of Dade County, Florida,
subject, however, to the right of plaintiff, CHALMERS R. WILSON, as Ancillary Administrator of the Estate of WESLEY DINKINS, a/k/a WESLEY DINKINES, *457 Deceased, to possession of the real property for the purpose of paying expenses of administration, taxes, debts and claims, if any, against the Estate of WESLEY DINKINS, a/k/a WESLEY DINKINES, Deceased.
“(5) That all the right, title or interest of the defendants and all persons claiming by, through or under them, and all parties having or claiming to have any right, title or interest in the lands since the filing of the lis pendens, be and the same are quieted, vacated, set aside and cancelled as clouds upon the title to the plaintiff, ROSE MAY DINKINS, in and to the above-described lands, and that the title of the plaintiff, ROSE MAY DIN-KINS, in and to those lands be and it is forever quieted, cleared and confirmed and forever fully and completely established as against all of the defendants to this action, and against all persons whomsoever claiming by, through or under them, and all persons having or claiming to have any right, title or interest in the lands involved in this action since the filing of the lis pendens.
“(6) That all of the defendants, and all persons claiming by, through or under them, and all parties having or claiming to have any right, title or interest in the above-described lands, since the filing of the lis pendens, are forever prohibited, enjoined and restrained of and from executing any right, title, interest, claim or demand of any nature or kind whatsoever, in, to or against those lands of the plaintiff, ROSE MAY DINKINS, or any part of them.”
From this judgment, appellants appeal.
We have carefully considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Fernandez v. Arocha, Fla.App.1975, 308 So.2d 45; Frazee v. Frazee, Fla.App.1966, 185 So.2d 484; and 2 Fla.Jur., Appeals §§ 314 and 316. At the time the trial court entered its judgment, there existed no genuine issue as to any material fact and appel-lees, as movants, were entitled to a summary judgment as a matter of law. See Robinson v. Miami, Fla.App.1965,177 So.2d 718; Goodwin v. Shire, Fla.App.1958, 105 So.2d 178; and Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A. Therefore, for the reasons stated and upon the authorities cited, the final summary judgment appealed is affirmed.
Affirmed.