636 So.2d 97 (1994)
RED OAK FARM, INC., Petitioner,
v.
CITY OF OCALA, Respondent.
No. 93-2124.
District Court of Appeal of Florida, Fifth District.
March 31, 1994.
Clarification Denied April 9, 1994.
Fred J. Krim of Savage, Krim & Simons, P.A., Ocala, for petitioner.
Ann Melinda Parker and William H. Phelan of Bond, Arnett & Phelan, P.A., Ocala, for respondent.
THOMPSON, Judge.
Petitioner, Red Oak Farms, Inc. ("Red Oak") seeks a writ of certiorari to review a circuit court order denying its motion to dismiss *98 and supplemental motion to abate. We have jurisdiction[1] and we grant the writ.

FACTS
The City of Ocala ("City"), the respondent, instituted an eminent domain proceeding against Red Oak. Red Oak filed a motion to dismiss which was granted by the trial court and the City appealed to the Fifth District Court of Appeal. While the appeal was pending, the City instituted a second eminent domain proceeding against Red Oak describing the same lands for condemnation as in the first case. The City also filed a declaration of taking. Red Oak filed a motion to dismiss and a supplemental motion to abate pending disposition of the appeal. The trial court denied Red Oak's motions to dismiss and to abate and entered an order of taking.

JURISDICTION OF THE APPELLATE COURT
A writ of certiorari is the proper remedy to review an order denying a motion to abate where actions involving the same parties and cause of action are pending simultaneously. Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988) (abatement is appropriate where two actions are pending simultaneously which involve the same parties and the same causes of action). Also, appellate courts have held that certiorari is the proper procedure to review an order of taking in an eminent domain proceeding. Georgia Southern & Fla. Ry. Co. v. Duval Connecting R.R. Co., 203 So.2d 612 (Fla. 1967); Valleybrook Developers, Inc. v. Gulf Power Co., 272 So.2d 167 (Fla. 1st DCA 1973). We have jurisdiction to review the denial of the motion to abate and the order of taking.
The City argues that the two actions should be considered separate and distinct because they proceeded differently in the second action. The City argues that the new action was filed to correct the deficiencies that Red Oak had raised in the first action. Red Oak argued that the City had not complied with specific provisions of Chapter 180, Florida Statutes. In the second action, the City corrected the deficiencies. We disagree; the actions are the same. There is no doubt that the parties are the same, the land is the same, the trial court is the same, and the resulting taking of the parcel is the same as the action presently pending before this court. The failure to abate the second action was a departure from the essential requirements of law. International Surplus Lines Ins. Co. v. Markham, 580 So.2d 251 (Fla. 2d DCA 1991); Anderson v. Anderson, 563 So.2d 169 (Fla. 3d DCA 1990); Dhondy v. Schimpeler, 528 So.2d 403 (Fla. 3d DCA), review denied, 534 So.2d 401 (Fla. 1988). The petition for writ of certiorari is granted and the order denying the motion to abate is quashed. This case is remanded for proceedings consistent with this opinion.
WRIT ISSUED; ORDER QUASHED; REMANDED.
PETERSON and GOSHORN, JJ., concur.
NOTES
[1] See Rule 9.100(a), Florida Rules of Appellate Procedure and Art. V, § 4(b)(3) Fla. Const.