PER CURIAM.
Petitioner, the Town of Ponce Inlet, petitions this court for a writ of prohibition. It seeks to restrain the Florida Building Commission (“Commission”), acting through the Division of Administrative Hearings (“DOAH”), from exercising au-' thority over respondent’s amended petition for formal administrative hearing. Respondent owns real property which contains an unfinished structure which has been “under construction” for over four years. On November 27, 2002, petitioner issued a notice of unsafe building and an order to vacate and demolish, citing the premises as having an unsafe structure in violation of the requirements of the standard codes of the Town of Ponce Inlet. Respondent timely appealed the demolition order to the Board of Adjustment of Appeals of the Town. The Board affirmed petitioner’s order to vacate and demolish, finding the structure in violation of specific requirements of the unsafe budding code.
After respondent filed a petition for a formal administrative hearing with the Commission, petitioner filed a motion to dismiss the petition for lack of subject matter jurisdiction. The Commission dismissed the petition without prejudice for petitioner to file a petition which included a concise statement of the ultimate facts alleged giving rise to the jurisdiction of the Commission. The Commission specifically stated that it could only hear an appeal from 'the Board’s decision as it relates to the Florida Building Code and construction activities for which a permit was issued on or after March 1, 2002.
Respondent ■ subsequently filed an amended petition for administrative hearing, arguing that the issue before the Board of Adjustment of Appeals was whether the building met the Florida *410 Building Code and was safe. The Commission referred the matter to DOAH. Petitioner refiled its motion to dismiss with DOAH. The ALJ denied the motion to dismiss.
A writ of prohibition is generally issued to restrain unlawful exercise of judicial function in absence of an adequate remedy at law. State ex rel. Washburn v. Hutchins, 101 Fla. 773, 135 So. 298 (1931). Prohibition is an extraordinary writ and is designed to keep courts from acting when they have no jurisdiction to act. English v. McCrary, 348 So.2d 293 (Fla.1977).
Effective March 1, 2002, the legislature granted the Florida Building Commission authority to hear appeals of the decisions of local boards of appeal regarding interpretation decisions of local building officials. See ch.2000-141 § 78, at 490, Laws of Fla. The Commission also has authority to review local decisions declaring structures to be unsafe and subject to repair or demolition unless the Board finds that there is an immediate danger to the health and safety of its citizens. See § 553.77(l)(h)l, Fla. Stat. (2002). For a building permit submitted prior to the effective date of the Florida Building Code, March 1, 2002, the minimum building code in effect on the date of the application governs the permitted work for the life of the permit and any extensions thereto. See § 553.73(5), Fla. Stat. (2002).
Due to the effective date of the grant of statutory authority in which to hear appeals of the Board, the Florida Building Commission does not have jurisdiction to review respondent’s amended petition. Even though respondent raised arguments regarding the Board’s interpretation of the Florida Building Code in his petition for administrative hearing, the Florida Building Code does not apply to respondent’s permits. The permits were issued prior to the effective date of March 1, 2002. Respondent does not dispute this fact. As no subsequent permits were issued on this structure, the Florida Building Code does not apply.
Respondent and the Florida Building Commission argue that section 553.77(l)(h)l., confers authority on the Commission to hear the appeal because the Board did not make the specific finding of an immediate danger. However, the grant of statutory authority appears to relate to interpretation of the Florida Building Code in such circumstances. As we determined above, the Florida Building Code does not apply in this case as the permits were issued prior to the adoption of the Florida Building Code.
Accordingly, we grant the petition for writ of prohibition and direct the ALJ and the Florida Building Commission to dismiss respondent’s amended petition for administrative hearing.
PETITION GRANTED.
BROWNING, LEWIS and POLSTON, JJ., concur.