PER CURIAM.
The Appellant, Ri.Va Marmi S.N.C. (Marmi), seeks reversal of an order denying its motion to abate the underlying action. We treat this appeal as a petition for writ of certiorari, grant the petition, and remand with instructions to abate the underlying action.
Marmi, an Italian corporation, sued Iberia Tiles Corporation (Iberia) in Verona, Italy, regarding a contract dispute. After Marmi served Iberia, Iberia sued Marmi in the Miami-Dade circuit court concerning the same contract dispute. Marmi asserts that the trial court erred by refusing to abate the later-filed Miami-Dade suit because both cases involve the same parties and dispute.
*925 . Iberia, on the other hand, contends that the trial court correctly ruled in denying the motion to abate because the Italian suit will take years to litigate. We disagree.
Treating this appeal as a petition for writ of certiorari, Red Oak Farm, Inc. v. City of Ocala, 636 So.2d 97 (Fla. 5th DCA 1994), we grant the petition because [t]he pendency of an action in a court of competent jurisdiction will abate a later action filed in a court of like jurisdiction. Banco Bilbao Vizcaya, S.A. v. Naiz, S.A., 615 So.2d 233 (Fla. 3d DCA 1993).
We conclude that Iberia failed to demonstrate that any extraordinary circumstances exist justifying the denial of abatement and that the trial court deviated from the essential requirements of law. Banco Bilbao Vizcaya, S.A. v. Naiz, S.A., 615 So.2d at 234. Accordingly, we grant Mar-mis petition for writ of certiorari, quash the order denying abatement, and remand for the entry of an order abating the action below.
Order quashed and remanded.