STATE, ex rel., JAMES F. DYKEMAN, *Relator,* v. H. C. PETTE-
WAY, Judge of the Circuit Court for the Tenth Judicial
Circuit, State of Florida, and for the County of Polk,
*Respondent.*

En Banc.

Opinion filed June 26, 1928.

*Lennard O. Boynton,* of Bartow, Relator;

*George W. Oliver,* of Lake Wales, for Respondent.

STRUM, J.—Upon the relation of James F. Dykeman, the
use-plaintiff in the court below in the cause hereinafter
mentioned, an alternative writ of mandamus was issued
by this Court commanding the respondent, Honorable H.
C. Petteway, as Judge of the Circuit Court for the Tenth
District, to assign for trial and proceed with a re-trial of
the case of J. C. Persinger, for the use and benefit of James
F. Dykeman v. Sylvester Kirch and Arthur Kirch, lately
pending in said circuit court, in which cause judgment
was originally rendered below in favor of the plaintiff
therein, but which judgment was reversed by this Court

on writ of error. See Kirch, et al., v. Persinger, 87 Fla. 364, 100 So. R. 166.

From the petition for the alternative writ, it appears that the last and only order made in the case of Persinger v. Kirch in the trial court subsequent to the issuance of the mandate from this Court on writ of error to the judgment originally entered therein, was an order made by Honorable John S. Edwards, then judge of that court, on October 16, 1924, that the Court "does refuse to assign said cause for trial and does refuse to try the same *de novo*," for the reason that the judge was of the opinion that the issues in said cause had been settled adversely to the plaintiff by the decision of this Court. The alternative writ herein further alleged that another alternative writ of mandamus had been previously issued to Judge Edwards, commanding him to proceed with the trial of said cause, but that Judge Edwards resigned as judge of the Tenth Circuit before said writ could be served upon him. Upon the allegations of the present alternative writ it appeared that the case in question stood upon the docket of the trial court, but that the trial court had declined to exercise jurisdiction, which refusal was persisted in by Judge Edwards' successor, Honorable H. C. Petteway, the respondent herein, notwithstanding the issuance of the previous alternative writ of mandamus to Judge Edwards; Judge Petteway declining to recognize the writ because it was directed to Judge Edwards and not to him.

It now appears by the answer of the respondent, Judge Petteway, that on April 5, 1926, subsequent to the going down of the mandate of this court pursuant to the decision upon writ of error in the cause hereinabove mentioned, and prior to the issuance of the alternative writ herein, the respondent, who succeeded Judge Edwards as Judge of the Tenth Circuit, made and entered in said cause a final

judgment, on motion of the defendants, in which it was "ordered and adjudged by the Court that this action be and the same is hereby dismissed at the cost of the plaintiffs." The final judgement assesses the costs, and is a final disposition of the case. The entry of this final judgment did not appear in the petition for the alternative writ, and the fact that it was entered places the entire matter in a materially different situation from that indicated by the alternative writ.

The rule is that while mandamus will lie to compel a court to exercise its lawful jurisdiction where it refuses to do so, it can not be maintained to correct alleged errors in rendering a judgment where there is an adequate remedy by writ of error. Crump v. Branning, 74 Fla. 522, 77 So. R. 228. From the allegations of the petition for the alternative writ it appeared that the case was one in which the respondent declined to exercise his lawful jurisdiction and assign for trial a case which stood upon the docket of his court. Upon that showing, the alternative writ issued. It now appears by the return that the respondent has exercised his lawful jurisdiction by entering a final judgment in the cause dismissing the same at the cost of the plaintiffs. Thus the present proceeding by mandamus becomes an attempt not only to compel the exercise by the respondent of his lawful jurisdiction, but to direct the manner in which respondent shall exercise that jurisdiction, by commanding him to allow a trial de nova of the case notwithstanding his final judgment of dismissal. Such a result of course can not be accomplished by mandamus. That writ can not perform the office of a writ of error. The discretion of a judicial officer, or the manner in which he shall act in the exercise of his lawful jurisdiction, will no more be controlled by mandamus than the manner in which an administrative officer shall act in the performance of his

ministerial duty. In either case mandamus will only compel the officer to act, not to direct the course or form of his action. By entering the final judgment of dismissal the respondent has acted in the exercise of his jurisdiction in the premises. If he erred in the action taken, that error can be corrected by writ of error. It can not be reached by mandamus.

It is therefore ordered that the alternative writ be and the same is hereby quashed and that the motion for the peremptory writ be and the same is hereby denied.

ELLIS, C. J. AND WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., Concur.