PER CURIAM.
This cause is before us on appeal from the trial court’s order on Former Husband’s motion to adjust the parties’ supplemental final judgment for distribution of marital assets and liabilities. The parties divorced, and the trial court distributed their assets. Former Wife moved to set aside the distribution, and the trial court denied the motion; Former Wife appealed. Pending that appeal, the trial court granted Former Husband’s motion to adjust the supplemental judgment on distribution.
The issue on appeal is whether the trial court had jurisdiction to enter a final order granting Former Husband’s motion to adjust the supplemental judgment on distribution during the pendency of Former Wife’s appeal from the trial court’s non-final order denying the motion to set aside the supplemental judgment.
We hold that the trial court did not have jurisdiction to render the instant final order while an appeal was pending in this court on the trial court’s previously rendered non-finál order. Florida Rule of Appellate Procedure 9.130(f) provides that “during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.” Under subsection (f), therefore, the “lower tribunal is divested of jurisdiction to enter a final order disposing of the case” while an appeal is pending. Fla. R.App. P. 9.130(f)(Committee Notes). See, e.g., Napoleonic Soc. of America, Inc. v. Snibbe, 696 So.2d 1243 (Fla. 2d DCA 1997)(appellate court sua sponte dismisses appeal of final order because “[rule] 9.130(f) prohibits the trial court from rendering a final order during the pendency of appellate review of a nonfinal order” — an order rendered in violation of rule 9.130(f) is a “nullity”); Soles v. Soles, 536 So.2d 367, 368 (Fla. 1st DCA 1988)(this court quashed order modifying and clarifying order already on appeal because second order “directly addressed the substance of the matter appealed”). Because the instant order on appeal is a nullity, this appeal is hereby DISMISSED.
BOOTH and WOLF, JJ., and CARITHERS, Associate Judge, concur.