COBB, J.
Daphne Batzle, the personal representative of the estate of her deceased husband, Philip C. Batzle, Jr., petitions for certiorari review of orders by the Circuit Court of Lake County, Probate Division, indefinitely extending the temporary guardianship of Dolleda Baraso in respect to the decedent, Philip C. Batzle, Jr. Challenged orders purporting to extend the temporary guardianship over the person and property of Batzle were issued subsequent to his death and subsequent to the appointment of a personal representative for his estate. The petition asserts that the actions of the Lake County Probate Court encroach upon the duties and authority of the personal representative of the estate, which is being administered in Dade County, and repre *1108 sent a departure from the essential requirements of law, causing irreparable harm.
The facts adduced show that Philip C. Batzle, Jr., who was 85 years of age at the time, was removed from his marital home in Dade County on or about February 15, 2000 and brought to the home of his daughter, Dolleda Baraso, in Lake County. The wife, Daphne Batzle, was charged with spousal abuse of Philip at the time, although the charge was not prosecuted. Soon after Batzle’s arrival in Lake County he was diagnosed with a progressive form of cancer. Consequently, Baraso was appointed temporary plenary guardian of the person and property of her father on May 11, 2000, pursuant to section 744.3081, Florida Statutes (1999), said emergency order to expire within 60 days. At no time was Batzle adjudicated incompetent.
Batzle died on July 1, 2000 and his will was admitted to probate in Dade County. Daphne Batzle, his wife, was appointed personal representative of the estate on August 4, 2000, by the Dade County Circuit Court. Thereafter, the respondent, Baraso, filed a petition in Lake County seeking extension of the temporary guardianship, even though the ward was deceased. According to the allegations of the certiorari petition filed here, the Lake County Circuit Court, without hearing, then entered an order on September 22, 2000, which: (1) extended the temporary guardianship of the person and property of the decedent; (2) did not limit such extension to the thirty day period as prescribed by section 744.3031(d); and (3) made no finding that the emergency on which the original petition was predicated — ie., the ward’s illness and requisite medical treatment care — still existed. It would seem that the latter finding was precluded by the fact of the ward’s prior death. We are also challenged by the concept of a court ordered guardianship of the person of a decedent. See Fla. Prob. R. 5.680(a). The extension of the temporary guardianship of the property of the decedent perhaps could be viewed as a curatorship had it preceded appointment of the personal representative of the estate — but it did not.
In her response to the certiorari petition, Baraso basically contends that any error by the Lake County Court in extending the guardianship is harmless because its purpose is merely to allow her more time to complete her final guardianship accounting as required by section 744.527, Florida Statutes. Any harm done, argues Baraso, can be remedied on appeal; therefore, certiorari should not be granted based upon the precepts outlined in Martin-Johnson, Inc. v.. Savage, 509 So.2d 1097 (Fla.1987). In reply to the respondent the petitioner submits the following argument:
The Respondent argues that this action was harmless error. In fact, it is not harmless at all. The petitioner has been appointed personal representative of the ward’s estate. As such, she has to marshal the decedent’s assets, satisfy all claims against the estate and distribute the estate to the beneficiaries. The respondent has the initial letters of Temporary Plenary Guardianship and the extension of said letters. When these documents are presented to a depository or other third party where the decedent has assets, the depository does not determine whether there is an estate or whether the Ward is living or dead, they merely are confronted with court orders stating the Respondent has
“full power to exercise all delegable legal rights and powers of the Ward pertaining to the Ward’s person, property and estate, to administer the estate of the Ward according to law and to take possession of and to hold for the benefit of Ward all the property of the Ward, and the rents, income, issues and profits from it”, (item “f ’ in appendix to Petition)
The order extending these powers states
“Dolleda Baraso’s Temporary Letters of Plenary Guardianship of the Person and Property of Philip C. Batzle, Jr. *1109 are hereby extended until further order of court”, (item “a” in appendix to Petition).
The depository then, ostensibly, pays over any account on the demand of the guardian. In fact, the guardian completely drained one joint account of the ward/decedent and the petitioner herein and removed all but $257.00 from another joint account seven days prior to decedent’s expected death, (item K & L in appendix to Reply).
The Florida Probate Code has established certain procedures and requirements for the administration of estates. Among these are claims procedures. After the death of the Ward, The Guardian incurred legal fees and other expenses which were properly expenses of the estate and should have been handled through the estate in the Dade County Probate proceeding. The Guardian, however, petitioned the Lake County Court overseeing the Guardianship for payment of said fees, thus circumventing the claims process of the estate, (items M & N of the appendix to the Reply) The Respondent states that she merely wants to complete a final accounting for the guardianship, yet the guardianship was created May 11, 2000, the Ward died on July 1, 2000 and until the petition for writ of certiorari in this matter was filed on October 23, 2000, no accounting was forthcoming and, in fact, to date has not been forthcoming. The reality is that the Respondent wants to use the guise of the Lake County guardianship proceedings to circumvent the Dade County probate court’s oversight as to claims and other administration issues of the estate. This results in a delay in the administration of the estate and in two Florida courts effectively competing for jurisdiction over the decedent/ward’s assets. The Guardianship has already paid the Guardian a total of $3263.65, the Guardian’s attorney $3,173.11 and the Ward’s attorney $1148.66, for a total in excess of $7500.00 paid from the decedent’s assets, outside the estate, (items M & N of the appendix to the Reply) These claims should have all been processed through the estate of the decedent. The Petitioner has no objection to completion of the final accounting. In fact, the petitioner welcomes the final accounting. No extension, however, is/was necessary to complete an accounting of the assets the Guardian holds.
The legislature, in promulgating F.S. 744.3031, had a basis for requiring that an emergency temporary guardian’s powers be enumerated and that a 30 day extension of the powers could be granted only upon a showing that the original emergency still existed. The failure of the lower tribunal to follow the statute, exposes the assets of the decedent/ward’s estate to loss or dissipation, at the hands of the guardian and outside of the jurisdiction of the probate court which the legislature has mandated should oversee the administration of such assets and any claims thereon.
The fact that the guardianship case still exists over 6 months after the deee-dent/ward’s death and that the guardian has unlimited powers over the decedent/ward’s assets is outrageous and repugnant to the Florida Probate Code. The Petitioner argues that this fact together with exposure of the decedent/ward’s assets to further dissipation and the Petitioner’s expenditure of thousands of dollars to prosecute this writ and challenge the guardian’s actions constitutes irreparable harm. The fact that the Guardian’s letters, as extended, are not limited in time and have no restrictions, unlike the letters of administration, clearly vest the guardian, in the eyes of any third party holding the assets of the decedent/ward; with greater power than the personal representative of the decedent/ward’s estate. This conclusion can be reached after a simple examination of the Guardian’s letters and the Letters of Administration (item D in the appendix to the Petition). The Respondent argues that “the guardian’s *1110 power ceases at the termination of the guardianship which in this case would be death” (page 13 of the Response). Certainly no one reading the Letters of Guardianship would know of the decedent/ward’s death or that the Guardianship no longer has any of the power set forth in the Temporary Letters as extended.
The Petitioner has demonstrated that the lower tribunal departed from the essential requirements of the law in extending the Plenary Powers of the Temporary Guardian without finding the original emergency existed and without limiting the extension to thirty (30) days and that such departure from the essential requirements of the law caused and will likely continue to cause irreparable harm. The Petitioner respectfully argues that the Writ of Certiorari she has petitioned for should issue.
We agree with the petitioner that the order and letters of September 22, 2000, issued by the Lake County Circuit Court purporting to extend the temporary guardianship constitute a departure from the essential requirements of law and the threatened harm is irreparable. Accordingly, the petition is granted and the writ of certiorari quashing said order and letters shall issue. The respondent, Dolleda Baraso, is directed to immediately deliver all assets of the estate of Philip C. Batzle, Jr., now in her possession, or accessible to her, to the petitioner, Daphne Batzle, as personal representative of the estate of Philip C. Batzle, Jr. Any and all disbursements from the assets of the decedent by Dolleda Baraso subsequent to August 4, 2000, shall be subject to review and approval or disapproval, as the case may be, by the probate court of Dade County.
PETITION GRANTED; WRIT ISSUED.
GRIFFIN and PALMER, JJ., concur.