ALTENBERND, Judge.
Sharon L. Shappell appeals an order of the probate court suspending her letters of guardianship in the voluntary guardianship of Melba Jensen and appointing an attorney ad litem to marshal the assets of Ms. Jensen. Ms. Jensen died in 1997. We affirm.
*377 This proceeding involved a voluntary guardianship, in which the guardian’s authority rested upon the consent of a competent ward. See § 744.341, Fla. Stat. (2001). Moreover, any guardian’s authority over the assets of a ward terminates upon the ward’s death, at which point the assets become assets of the decedent’s estate and subject to the authority of the personal representative, if any. See, e.g., Batzle v. Baraso, 776 So.2d 1107 (Fla. 5th DCA 2001). Therefore, the guardianship terminated upon Ms. Jensen’s death, and no formal removal of the guardian pursuant to Florida Probate Rule 5.660 was necessary in order to suspend the now invalid letters of guardianship.[1]
Because the probate judge was faced with a decedent with assets and potential claims but no personal representative, the probate court was required to take certain steps to protect the decedent’s assets. These steps could include the appointment of an administrator ad litem or a curator. See § 733.308, 501, Fla. Stat. (2001).
We therefore affirm the probate court’s order suspending the letters of guardianship. On remand, we direct the probate court to clarify that the attorney ad litem appointed by the court to garner Ms. Jensen’s assets shall act as an administrator ad litem or curator pursuant to sections 733.308 and 733.501.
Affirmed.
DAVIS and CANADY, JJ., Concur.

. Of course, the termination of the guardianship and suspension of the letters of guardianship, although occurring by operation of law upon the ward’s death, do not suspend the guardian’s responsibility to account for the ward's assets and obtain a discharge in the guardianship case. See § 744.527, 534, Fla. Stat. (2001).