WETHERELL, J.
Jeannie Garrison challenges the trial court’s appointment of her sister Connie Greenman Vance as the plenary guardian of their mother in case number 1D12-2999 and the trial court’s determination of their mother’s total incapacity in case number 1D12-3000. We previously consolidated these appeals for travel and assignment purposes. We now consolidate them for disposition on the merits.
In October 2011, Ms. Vance and her *1042 sister, Suzanne Daughtry,[1] initiated the underlying incapacity and guardianship proceedings. Ms. Garrison moved to dismiss the proceedings for lack of personal jurisdiction and forum non conveniens. The trial court denied the motion to dismiss in February 2012, and Ms. Garrison timely sought review in this court pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) and (x). We affirmed without opinion in Garrison v. Vance, 96 So.3d 886 (Fla. 1st DCA 2012) & 1D12-1399 (per curiam affirmed Sept. 14, 2012; mandate issued Oct. 2, 2012), reported at 96 So.3d 886 (table).
In May 2012, while the prior appeal was pending in this court, the trial court rendered the orders of incapacity and appointment of plenary guardian that are the subject of these appeals. Ms. Garrison contends that Florida Rule of Appellate Procedure 9.130(f) divested the trial court of jurisdiction to render these orders while her prior appeal was pending. We find no merit in this argument and, accordingly, affirm the orders on appeal.[2]
Rule 9.130(f) provides that, in the absence of a stay entered by the appellate court, the lower tribunal may proceed with all matters in the case while an interlocato-ry appeal is pending, except that the lower tribunal “may not render a final order disposing of the cause pending such review.” The rule precludes the trial court from interfering with the appellate court’s jurisdiction by, for example, entering a judgment[3] or directly modifying the order on appeal,[4] but the rule does not preclude the trial court from adjudicating issues that are not before the appellate court.[5] Indeed, the rule “makes clear that ... the lower tribunal is only divested of jurisdiction to enter a final order disposing of the case” and it “follows the historical rule that trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court.” In re Proposed Fla. Appellate Rules, 351 So.2d 981, 998 (Fla.1977); see also Committee Notes to Fla. R.App. P. 9.130.
Here, the orders determining incapacity and appointing plenary guardian did not interfere with this court’s jurisdiction in Ms. Garrison’s prior appeal. The substantive issues resolved through these orders were not before this court in the prior appeal, and contrary to Ms. Garrison’s argument, the orders are not “final orders disposing of the cause,” as that phrase is used in rule 9.130(f).
The orders are “final orders” for purposes of appeal,[6] but unlike a final order or *1043 judgment in a typical civil case, the orders did not “dispos[e] of the cause” by ending the judicial labor in the trial court. Indeed, the orders effectively marked the beginning of the judicial labor in the guardianship case, not the end, because the case will remain open until the trial court terminates the guardianship and discharges Ms. Vance.[7] Accordingly, rule 9.130(f) did not divest the trial court of jurisdiction to render the orders of incapacity and appointment of plenary guardian simply because the orders are considered appealable final orders.
In sum, for these reasons stated above, we reject Ms. Garrison’s argument that the trial court lacked jurisdiction to render the orders determining incapacity and appointing Ms. Vance as the plenary guardian for the parties’ mother, and because Ms. Garrison does not challenge the substantive rulings memorialized in the orders, we affirm the orders without further comment.
AFFIRMED.
CLARK and MAKAR, JJ., concur.

. Ms. Daughtry did not actively participate in the proceedings in the trial court and she is not a party to this appeal.

. We affirm the other jurisdictional issue raised by Ms. Garrison without further comment.

. See, e.g., Citizens Prop. Ins. Corp. v. Scylla Props., LLC, 946 So.2d 1179 (Fla. 1st DCA 2006).

. See, e.g., Jones v. Jones, 703 So.2d 501 (Fla. 1st DCA 1997); Soles v. Soles, 536 So.2d 367 (Fla. 1st DCA 1988).

. See Connor Realty, Inc. v. Ocean Terrace N. Condo. Ass’n, 572 So.2d 4, 4 (Fla. 4th DCA 1990) ("[A] trial court may proceed in a cause pending a non-final appeal and dispose of any matter not in form or effect interfering with the power and authority of the appellate court to make its jurisdiction effective”).

.See In re Guardianship of Stephens, 965 So.2d 847 (Fla. 2d DCA 2007); Miller v. Goodell, 958 So.2d 952 (Fla. 4th DCA 2007); Fla. R.App. P. 9.170(b)(8); but cf. Amend, to Fla. R.App. P., 685 So.2d 773, 796 (Fla. 1996) (explaining that the language added to rule 9.100(a)(2) in 1996 [now in rule 9.170(b)] to allow certain probate and guardianship orders to be appealed as final orders before the administration of the probate or guardianship is complete and the fiduciary is discharged was "not intended to change the definition of final order for appellate purposes”).

. See generally §§ 744.33 l(6)(d), 744.521-.531, Fla. Stat. (2011); Fla. Prob. R. 5.670, 5.680; see also In re Guardianship of Jensen, 834 So.2d 376, 377 (Fla. 2d DCA 2003) (noting that the guardianship terminates upon the ward's death); In re Estate of Pearson, 192 So.2d 89, 92 (Fla. 2d DCA 1966) (explaining that “the guardian’s power terminates at the ward’s death”).