# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1402
Lower Tribunal No. 19-11545
_____

**Michelle Saenz**,
Petitioner,

vs.

**Roberto Sanchez**,
Respondent.

A Case of Original Jurisdiction - Mandamus

Nedelman Legal Group PLLC, Michael A. Nedelman (Delray Beach), Margules Law Group, P.A., and Leon R. Margules (Plantation), for petitioner.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for respondent.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

MILLER, J.

Petitioner, Michelle Saenz, the mother, seeks a writ of certiorari to quash a nonfinal order denying her emergency motion for appointment of an attorney ad litem for her minor son, B.M.S. In this proceeding, she contends the trial court has erroneously concluded it lacks jurisdiction to consider the merits of the motion. We treat this cause as a petition for writ of mandamus and grant relief. See Fla. R. App. P. 9.040.

**BACKGROUND**

The facts require little elaboration. This dispute traces its origins to a contested series of orders rendered by the predecessor judge. In those orders, the court required the parents to immediately enroll B.M.S. in military boarding school in Georgia, barred both parents from contacting B.M.S. or the school, directed the guardian ad litem to file a police report against B.M.S., suspended the mother's timesharing, granted the father full custody of the two younger children, and prohibited the mother from contacting the two younger children. This court reversed the orders on interlocutory appeal. See Saenz v. Sanchez, 48 Fla. L.Weekly D798 (Fla. 3d DCA Apr. 19, 2023).

Upon remand, a newly assigned judge convened a hearing and issued an order mirroring most of the predecessor judge's directives. This order is the subject of a pending appeal. In that appeal, the mother contends the lower tribunal misapprehended our mandate and violated her due process

rights by modifying timesharing in the absence of an outstanding motion and conflating the burden of proof.[1]

The mother has since moved for the emergency appointment of an attorney ad litem on behalf of B.M.S.  In support of her motion, she has alleged, among other grounds, that B.M.S. has been subject to maltreatment and emotional abuse and a younger sibling has suffered physical abuse at the hands of the father.  Citing a lack of jurisdiction, the trial court has declined to hear the merits of the motion.

## STANDARD OF REVIEW

"This [c]ourt's jurisdiction includes issuance of writs of mandamus."  SR Acquisitions-Fla. City, LLC v. San Remo Homes at Fla. City, LLC, 78 So. 3d 636, 638 (Fla. 3d DCA 2011); see also Fla. R. App. P. 9.030(b)(3). "[M]andamus will lie to compel a court to exercise its lawful jurisdiction where it refuses to do so, [but] it cannot be maintained to correct alleged errors in rendering a judgment where there is an adequate remedy by writ of error." State v. Petteway, 117 So. 696, 696 (Fla. 1928).

## ANALYSIS

The resolution of this proceeding turns on whether the lower tribunal retains jurisdiction to consider the mother's motion.  Florida Rule of Appellate

---

[1] The appeal in 3D23-1018 is not yet ripe for resolution.

3

Procedure 9.130(f) clearly states, and the case law confirms, "[i]n the absence of a stay, during the pendency of a review of a nonfinal order, the lower tribunal may proceed with all matters, including trial or final hearing." Id. The only exception is that the lower tribunal "may not render a final order disposing of the cause pending such review." Id. The rule is purposed to preclude "the trial court from interfering with the appellate court's jurisdiction by, for example, entering a judgment or directly modifying the order on appeal." Garrison v. Vance, 103 So. 3d 1041, 1042 (Fla. 1st DCA 2013). It does not preclude the trial court from considering matters that are not intertwined with the appeal.

Against these principles, we examine the case at hand. Because this court previously denied a motion to stay filed in conjunction with the pending appeal, the trial court is authorized to proceed with all other matters. The issues raised in the pending appeal are purely legal in nature and do not overlap with the subject of the mother's motion. Consequently, the trial court will not exceed its jurisdiction in ruling on the propriety of appointing an attorney for B.M.S.

Accordingly, we direct the court to convene a hearing on the motion. Confident the hearing will be duly conducted, we withhold formal issuance of the writ at this time.

4

Petition granted.  Writ withheld.